| 26 | 505 |
|----|-----|
| 45 | 184 |
| 26 | 505 |
| 68 | 15 |
| 68 | 435 |

WILLIAM A. BRADT *vs.* JOHN ROMMEL and another.

May 10, 1880.

Misconduct of Jury.—Affidavits *held* insufficient to show misconduct of jury. Affidavit of juror excluded.

Plaintiff brought this action in the district court for Olmsted county, to recover $644 as the value of services alleged to have been rendered to the defendants. The jury found a verdict for plaintiff for $280.16. The defendants then moved

for a new trial, for alleged misconduct of the jury. In support of their motion, they read the affidavits of Rommel, of the sheriff, and of one of the jurors. The sheriff, who had charge of the jury while deliberating on their verdict, states in his affidavit "that he overheard a part of their conversation at about the close of their deliberations, and saw them marking figures, adding and dividing; and from such observation and what he heard them say, he is able to state that the verdict in this case was obtained by each of the twelve jurors stating what he thought the verdict ought to be, and dividing the sum of all such amounts by the number of jurors, and that the jury arrived at their verdict in this case in that manner." The juror swears, in his affidavit, that the verdict was arrived at in the manner stated by the sheriff, and Rommel swears to the same thing on information and belief. The motion was denied by *Mitchell, J.,* and judgment was entered on the verdict, and the defendants appealed.

*Charles C. Willson,* for appellants.

*Start & Gove,* for respondent.

*By the Court.* That the affidavit of a juror cannot be used, on a motion to set a verdict aside, to show misconduct on the part of the jury, is a rule of so long standing, so uniformly acted on by all the courts in England and in this country, including this court, that it cannot be departed from, whatever reasons may have originally led to its adoption. The rule, however, does not apply to any one but jurors. The affidavit of the sheriff was, therefore, competent, but it does not show the misconduct alleged

Judgment affirmed.