JOHN C. OSWALD *vs.* MINNEAPOLIS & NORTHWESTERN RAILWAY COMPANY.

December 28, 1881.

**New Trial—Communication with Juror.**—A communication by the successful party to the jurors pending the trial, if casually made, without any intent to influence the verdict, and if the court can clearly see that it could not have had any effect on the minds of the jurors, is not ground for a new trial.

Appeal by defendant from a judgment of the district court for Hennepin county, where the case was tried before *Vanderburgh*, J., and a jury.

*R. B. Galusha, Woods & Babcock,* and *Thomas Lowry,* for appellant, cited, *State* v. *Hascall,* 6 N. H. 352; *Cilley* v. *Bartlett,* 19 N. H. 312; *Knight* v. *Inhabitants of Freeport,* 13 Mass. 218; *Deacon* v. *Shreve,* 22 N. J. Law, 176; *Hoberg* v. *State,* 3 Minn. 181, (262;) *Hayward* v. *Knapp,* 22 Minn. 5; *Koehler* v. *Cleary,* 23 Minn. 325; *Whitney* v. *Whitman,* 5 Mass. 405; *Hare* v. *State,* 4 How. (Miss.) 187; *Com.* v. *Wormley,* 8 Gratt. 712; *Hix* v. *Drury,* 5 Pick. 286.

*Wilson & Lawrence,* for respondent.

GILFILLAN, C. J.   After a verdict in condemnation proceedings, the company made a motion for a new trial, and, it being denied and judgment entered, appealed from the judgment.   The only

grounds for the motion made here are that the damages are excessive, and misconduct of the jury and the plaintiff. The first of these grounds is not seriously urged here as an independent reason for a new trial, nor do we see how, on the evidence, it could be.

The misconduct alleged, as it may fairly be found from the affidavits, was in this: The court, during the trial, ordered a view of the premises by the jury, under the charge of a deputy sheriff. Plaintiff was on the premises at the same time the jury were, and, in answer to an interrogatory either from the deputy sheriff or one of the jurors, and without any bad intent, answered correctly that a line pointed out was one of the lines of the premises.

In *Chalmers* v. *Whittemore*, 22 Minn. 305, this court laid down the rule that "where an unauthorized communication is made to a juror in a cause on trial, which may have influenced his mind in favor of the successful party, a new trial will be granted for that reason; but if it is apparent that the communication could not have had such influence, it is no ground for a new trial." And in *Koehler* v. *Cleary*, 23 Minn. 325, "the proper rule in such cases we deem to be, that if it does not appear that the misconduct was occasioned by the prevailing party, or any one in his behalf, and if it does not indicate any improper bias upon the jurors' minds, and the court cannot see that it either had, or might have had, an effect unfavorable to the party moving for a new trial, the verdict ought not to be set aside."

This is a considerable modification of the rigid rule stated in the case of *Hoberg* v. *State*, 3 Minn. 181 (262,) and it is the better and more practical rule; for why, under the rule that a new trial will not be granted for error which did not prejudice, should a communication to the jury, which could not have influenced their minds, be a reason for setting aside the verdict? In the cases cited the communications were by third persons; but if a harmless communication made by a third person is no ground for a new trial, an equally harmless one by a party ought not to be. True, a communication made by a successful party, or by one in his interest, should be more carefully scrutinized than one by a stranger; and, if made with intent to affect the minds of the jury, it might, ordinarily, be proper to assume that it had some influence. If, however, casually made,

and without any such intent, the court can clearly see that it was harmless, we think it ought not to be ground for a new trial. Such was the communication in this case.

Judgment affirmed.