JOHN SVENSON v. CHICAGO GREAT WESTERN RAILWAY COMPANY.[1]

April 23, 1897.

Nos. 10,271—(24).

**New Trial—Misconduct of Jury.**

*Held,* that the trial judge in this case did not abuse his discretion in granting a new trial for the alleged misconduct of the jury.

Appeal by defendant from an order of the district court for Ramsey county, Willis, J., granting a new trial. Affirmed.

*Dan W. Lawler and John M. Blakeley,* for appellant.

*Thomas D. O'Brien and John W. Lane,* for respondent.

START, C. J. This is a personal injury case, the trial whereof

[1] Reported in 70 N. W. 795.

resulted in a verdict for the defendant. The trial court, on motion of plaintiff, granted a new trial, on account of the alleged misconduct of the jury, and the defendant appealed from the order.

The granting of a new trial for the misconduct of the jury is a matter resting largely in the discretion of the trial court. While this is not an arbitrary discretion, yet where there is competent evidence fairly tending to rebut the presumption of right action on the part of the jury, and to sustain the charge of misconduct, the exercise of the trial court's discretion in the premises will not be reversed by this court.

The claim of the defendant is that there was no competent evidence offered tending to show any misconduct on the part of the jury. The facts set out in the moving affidavit fairly justify the conclusion that the jury, after they retired to consider the case, and before they returned their verdict, prepared a letter to the attorney of the defendant, which was signed by all of the jurors, which was in these words:

"Dear Sir: We, the jury in the case of Svenson v. Chicago & Great Western Ry., in consideration of the circumstances and conditions, do earnestly request that the officers of your company give the plaintiff, Mr. Svenson, a permanent position in your employ, on account of the serious accident that he received on your premises on November 11, 1895."

And, further, that a copy of this letter was then made, and the original and copy delivered to the foreman, who, immediately after the rendition of the verdict and the discharge of the jury, delivered the original to the defendant's attorney and the copy to the plaintiff's attorney. The affidavit further stated that the foreman and one other juror stated to the plaintiff's attorney that, except for the signing of this letter by all of the jurors, the jury would not have agreed upon a verdict for the defendant.

So much of the affidavit as related to the statements made by the jurors was, on motion of the defendant, stricken out by the trial court. This was a correct ruling, for the affidavit or statement of jurors cannot be used, on a motion to set aside a verdict, to show misconduct on the part of the jury. The rule does not apply to any one except jurors, and the affidavit of a third party which tends to show acts on the part of the jury from which misconduct may be inferred may be used on such motion. Bradt v. Rommel, 26 Minn. 505, 5 N. W.

680. There are cases which go further, and hold that the affidavit of a juror which does not relate to matters resting in his presonal consciousness, but to some overt act open to the knowledge of all of the jurors, may be received to show misconduct. Mattox v. U. S., 146 U. S. 140, 13 Sup. Ct. 50. So much, then, of the moving affidavit as related to the acts of the jury, including the letter accompanying and characterizing the act, was competent.

While the party seeking to show misconduct on the part of the jury may not use the affidavits of jurors, yet it seems to be settled, upon principle and authority, that the affidavits and evidence of jurors may be received to sustain their verdict, when a charge of misconduct is made against them. However this may be, the defendant, on the hearing of the motion in this case, was permitted to and did use the affidavits of five of the jurors for the purpose of supporting the verdict. The jurors knew the history of this letter, the writing and signing of which in the jury room was the overt act complained of. Its history would have a material bearing on the question of misconduct on the part of the jury, and the resulting prejudice to the plaintiff. These affidavits state that the letter was written and signed by all of the jurors; that they were each of the opinion that, under the evidence and charge of the court, the defendant was entitled to a verdict; and that the only motive for the letter was their sympathy for the plaintiff's crippled condition.

The affidavits, however, fail to state when the letter was written and signed. Was it before or after the jury had agreed upon a verdict? If after, it would seem to be an innocent and commendable act. If before, it would be a significant circumstance; especially so if the jury had been out any considerable time and unable to agree. This silence of the jurors making the affidavits, taken in connection with the admitted acts of the jury, might fairly justify an inference by the trial court that the letter was written and signed before the jury had agreed. If such was the case, it might, and probably did, prejudice the plaintiff. He was not bound to show that it in fact did. He was only bound to show that it might have had an effect unfavorable to him. Koehler v. Cleary, 23 Minn. 325; Oswald v. Minneapolis, 29 Minn. 5, 11 N. W. 112; Woodbury v. City, 52 Minn. 329, 54 N. W. 187.

There is no claim made that the defendant or its attorney was guilty of any misconduct in the premises, and it would seem, from the

fact that a copy of the letter was delivered to the plaintiff's attorney at the same time the original was given to the defendant's attorney, that the jury were not conscious of any impropriety. In view of this, and the meagerness of the evidence to support the charge of miscon-duct on the part of the jury (judging it, as we must, from the face of the record), we would have been better satisfied if the trial court had denied the motion for a new trial. But the trial judge, who heard the evidence on the trial (which is not before us), saw the parties and the witnesses, observed their manner and appearance, noted the trend and air of the trial, was in a better position than we are to judge of the sufficiency of the evidence in support of the motion, and to deter-mine whether, upon the whole case, substantial justice required the granting of a new trial. It was therefore a matter resting in his sound discretion, and it would require a clear case of an abuse of such discretion to justify this court in reversing his action. Hewitt v. Pio-neer Press, 23 Minn. 178. Upon the whole record, we cannot say that there was an abuse of such discretion in this case.

Order affirmed.

MITCHELL, J. I dissent. The only fact that was legitimately be-fore the court on the motion for a new trial was that the jurors, while in the jury room, and before they delivered their verdict in court, united in a written request or recommendation to the defendant rail-way company to give the plaintiff employment, in view of the serious accident which had befallen him on its premises.

The inference sought to be drawn is that this might have influenced the verdict; that is, that some jurors might have been induced there-by to consent to a verdict for defendant who would not have other-wise done so. I think that any such inference is far-fetched, and purely fanciful. It seems to me that the much more reasonable and natural inference is that the letter was suggested solely by feelings of sympathy; that, while the jury felt bound by the law and the evi-dence to find for the defendant, yet plaintiff's unfortunate condition induced them to appeal in his behalf to the favor of the defendant,— a course much more commendable than the not uncommon one on part of jurors to allow their sympathies to lead them to give a ver-dict in favor of plaintiff against both law and evidence.

As to the merits of plaintiff's cause, or the nature of the evidence,

we know nothing, and it has nothing to do with the case. The motion was made and granted solely on the ground of the misconduct of the jury. If a new trial ought to have been, or, in the discretion of the court, might have been, granted on any other ground, it should have been granted on that ground.

I believe in allowing trial courts a very wide discretion in granting new trials. I also believe in maintaining a high standard for the conduct of jurors. But the court's discretion in such matters is not absolute and arbitrary, and the standard of conduct on the part of jurors must be practicable and reasonable, and not fanciful or prudish. To hold that a court may, on the showing made in this case, grant a new trial on the ground of misconduct on the part of the jury, will, in my judgment, logically lead to very serious consequences. It is a very common practice in criminal cases for a verdict of guilty to be accompanied by a recommendation of the defendant by the jury to the mercy of the court. There would be much more reason in such a case than in this for the inference that the verdict of the jurors might have been thereby influenced.