JOHN WESTER v. ANDREW C. HEDBERG and Another.[1]

June 7, 1897.

Nos. 10,589—(129).

### Appeal—Review—Sufficiency of Evidence.

Evidence considered, and *held* that it sustains the verdict.

### New Trial—Misconduct of Jury—Affidavit of Juror.

*Held,* that the affidavit of a juror, offered for the purpose of impeaching the verdict herein by showing misconduct on the part of the jury, was neither sufficient nor admissible for such purpose.

### New Trial—Surprise—Discretion of Trial Court.

*Held,* that the trial court did not abuse its discretion in denying a motion for a new trial on the ground that the defendants were surprised by the testimony of a witness called by them.

Appeal by defendants from an order of the district court for Nobles county, P. E. Brown, J., denying a new trial after a verdict for plaintiff for $423.78. Affirmed.

*A. C. Clausen,* for appellants.
*J. A. Town,* for respondent.

START, C. J. This is an action for the recovery of $400 claimed by the plaintiff to be due to him from the defendants as a balance of the purchase price of certain land sold by them as his agents. Verdict for the plaintiff, and the defendants appealed from an order denying their motion for a new trial. There are but three assignments of error meriting consideration. They are (a) that the verdict is not justified by the evidence; (b) that such misconduct of the jury was shown as to entitle the defendants to a new trial; (c) that they are also entitled to a new trial on the ground of accident and surprise.

1. The plaintiff was the owner of 200 acres of land, and listed it with the defendants, as land brokers, for sale. They made the sale, and the only question of fact in the case was whether they were to receive for their services only 75 cents per acre (that is, $150), as plaintiff claimed the contract to have been, or all for which the land sold in excess of $19.25 per acre (that is $550), as defendants claimed the

[1] Reported in 71 N. W. 616.

contract to have been. The issue between the parties was clean-cut, the evidence conflicting, the charge of the court clear and fair, and there was evidence reasonably tending to support the verdict, and we cannot disturb it.

2. The only evidence of misconduct on the part of the jury was the affidavit of one of the jurors, in which he states that he was induced and coerced against his will to assent to a verdict for the plaintiff by the misconduct of his fellow jurors. His statement of such misconduct is in these words:

"That affiant, during all the time he was so as aforesaid engaged as a juror in the deliberations upon said verdict, was continually subjected, by a portion of said jurors, to unjust and unwarranted treatment, by way of harsh criticisms and strictures upon his judgment, and upon the fact of his casting his vote for defendants as aforesaid, and was during all said time taunted with being in league with said defendants, and determined to find for them without regard to whether such finding was right or not, and particularly with thus desiring and attempting to aid and protect defendants because affiant and one of said defendants, Andrew C. Hedberg, then were members of the same church in Worthington, in said county, all of which was directly stated and charged by a portion of said jurors."

The trial court correctly held the affidavit to be both insufficient and inadmissible to establish the alleged misconduct on the part of the jury. That the affidavit of a juror is not admissible for the purpose of impeaching the verdict on account of the alleged misconduct of the jury has been so often decided by this court as to forbid any discussion of the question. State v. Stokely, 16 Minn. 249 (282); Bradt v. Rommel, 26 Minn. 505, 5 N. W. 680; State v. Lentz, 45 Minn. 177, 47 N. W. 720. The defendants, however, claim that the affidavit falls within an exception to the rule recognized by some courts, see Mattox v. U. S., 146 U. S. 140, 13 Sup. Ct. 50, to the effect that if the affidavit does not relate to matters resting in the juror's personal consciousness, but to some overt act open to the knowledge of all the jurors, it is admissible to impeach the verdict. Conceding, without so deciding, the correctness of the alleged exception, the affidavit is insufficient. Whether the juror was coerced to assent to the verdict is a matter, in the absence of any statement of overt acts, resting in his personal consciousness. The affidavit states that a portion of the

jury subjected him to unjust and unwarranted treatment, but it does not disclose the names of the jurors, nor state what they did and said, so that the trial court could determine whether in fact the juror was coerced. The affidavit was clearly insufficient, in any view of the case, to impeach the verdict on account of the alleged misconduct of the jury.

3. The last reason urged by the defendants why the court erred in not granting their motion for a new trial is that they were surprised by the testimony of a witness called by them. It appears from the moving affidavit that the testimony of the witness was materially different from his previous statements made to the defendant Clausen, who was the attorney for the defendants on the trial, and who personally examined the witness. But the record does not show that there was any claim made by the defendants on the trial that they had been taken by surprise by the testimony of the witness, or that any attempt was made to refresh his recollection by calling his attention to previous statements made by him to the counsel, as might have been done by permission of the court. It, however, does appear from the moving affidavit that this particular ground for a new trial was not discovered until after notice of the motion for a new trial herein had been served; that is, the defendants did not know that they were surprised by the testimony of the witness until after they had moved for a new trial, and that they first learned the fact after the notice of motion had been served, by reading the settled case. The granting or refusing of a new trial on this ground rests in the sound discretion of the trial court. It is clear that the discretion was not abused in this case.

Order affirmed.