WILLIAM FRANK HURLBURT v. HENRY P. LEACHMAN.[1]

June 26, 1914.

Nos. 18,611— (155).

**Impeachment of verdict.**

1. The testimony of a juror cannot be received to impeach the verdict, unless it appears that the matters to which he testifies took place outside of court.

**Same — deliberations of jury.**

2. While the jurors are kept together in the custody of the officer for the purpose of deliberating upon their verdict, they are not outside of court, but remain within the control of the court, and the verdict cannot be impeached

[1] Reported in 148 N. W. 51.

by the testimony of a juror as to what transpired during the period they were so kept together.

**Same.**

3. It is essential to the efficiency of the jury system, that the jury consult together in secret free from any outside influence; and, to afford them complete freedom while so doing, the court will make no inquiry into the nature or extent of their deliberations.

**Receiving verdict not unanimous.**

4. It is the province of the trial court to determine when a jury has given sufficient consideration to a case to justify receiving a verdict not unanimous, and such determination will not be reversed, unless it appears that the trial court abused its discretion, or that the requirements of the law were not complied with.

**Deliberations of jury.**

5. The length of time devoted to meals and sleep while the jury are deliberating upon their verdict cannot be shown for the purpose of proving that they did not deliberate for the prescribed length of time.

In the matter of the estate of Roswell R. Hurlburt, William Frank Hurlburt appealed from the probate court for Hennepin county to the district court for that county. The appeal was tried before Hale, J., and a jury. Upon the return of the verdict William Frank Hurlburt objected to the reception of the verdict, for the reason that the jury had not deliberated 12 hours and that the verdict was not a unanimous verdict. The verdict was signed by 10 jurors. From the order denying his motion to vacate the verdict and for a new trial, William Frank Hurlburt appealed. Affirmed.

*Lancaster, Simpson & Purdy,* for appellant.

*E. E. Witchie,* for respondent.

TAYLOR, C.

Section 7805, G. S. 1913, is as follows:

"In all civil actions or proceedings in any court of record of this state, after twelve hours' deliberation, the agreement of five-sixths of any jury therein shall be a sufficient and valid verdict; the deliberation of the jury shall be deemed to have commenced when the officer taking charge of the jury has been sworn, and the clerk shall enter such time in his records."

In the present case 10 jurors agreed to and returned a verdict to which the other two did not assent. Appellant made a motion to set aside the verdict and for a new trial on the ground that it was returned before the jury had deliberated thereon for the prescribed period of 12 hours. This motion was denied and he appealed from the order denying it.

The jury retired at 5:25 P. M. and returned their verdict at 11:47 A. M. on the following day. They were out a trifle over 18 hours, but appellant claims that the time actually devoted to the consideration of the case was less than 12 hours. The only evidence in support of this contention is an affidavit made by one of the 10 jurors who signed the verdict.

1. It is so well settled that the testimony of a juror, as to what occurred while the jury were in session, cannot be received to impeach the verdict, that appellant concedes that he cannot show in this manner that the jury, while in the jury room, were not deliberating upon the case. See the following decisions: Knowlton v. McMahon, 13 Minn. 358, (386), 97 Am. Dec. 236; State v. Stokely, 16 Minn. 249 (282); State v. Mims, 26 Minn. 183, 2 N. W. 494, 683; Bradt v. Rommel, 26 Minn. 505, 5 N. W. 680; Stevens v. Montgomery, 27 Minn. 108, 6 N. W. 456; State v. Lentz, 45 Minn. 177, 47 N. W. 720; Wester v. Hedberg, 68 Minn. 434, 71 N. W. 616; Rush v. St. Paul City Ry. Co. 70 Minn. 5, 72 N. W. 733. But the testimony of jurors may be received to show what took place outside of the court while the trial was in progress. Rush v. St. Paul City Ry. Co. 70 Minn. 5, 72 N. W. 733; Pierce v. Brennan, 83 Minn. 422, 86 N. W. 417. From the affidavit it appears that the jurors were taken to a restaurant for meals twice, also that, about midnight, they were taken from the room first occupied by them to another room where they retired to sleep. Appellant contends that they were outside the jury room while at this restaurant, and also while in this second room; and, for that reason, insists that the affidavit is competent evidence to show that they did not deliberate upon their verdict in either the restaurant or this second room, and that they spent so much time in these places that less than 12 hours remained for deliberation in the jury room. We think this position cannot be sustained. The

room in which the jury were first confined became the jury room while they were confined therein; and the room to which they were subsequently transferred became the jury room while they were confined in such room. But, aside from this, the court committed the jury to the custody of an officer sworn to keep them together and to permit no communication with them until they should be discharged by the court. While they were kept together by the officer and remained in his custody, they were within the control of the court; and none of their acts, while in such custody, were outside of court within the meaning of the rule. For this reason the affidavit of the juror was not admissible for the purpose of impeaching the verdict.

2. It has always been deemed essential to the integrity and efficiency of the jury system, that the jurors should retire and consult together in secret, unhindered and uninfluenced by any fear that their doings, while deliberating, were liable to be called in question elsewhere, or to be spread before the public; and that they should be permitted to conduct their deliberations in their own way free from any outside control or interference. To this end it has been the policy of the law, at least in modern times, to bar inquiry as to what took place during their deliberations; to keep them under surveillance only to the extent necessary to guard them against improper influences; and to take note of their conduct only for the purpose of determining whether they have violated their oaths and duties as jurors. Even improper conduct, if it occur during their deliberations, cannot be shown by the testimony of the jurors themselves. See the cases hereinbefore cited and the cases cited in 29 Ann. Cas. at page 1194. In the present case there is no claim that the jurors were guilty of misconduct; merely that they took their meals at the usual times, and slept during a portion of the night. Even if these facts had been shown by competent evidence, we deem them insufficient to vitiate the verdict. We think that neither the statute, nor the constitutional provision upon which it is based, contemplated that the court should pry into the secrets of the jury room and determine when the jurors were deliberating and when they were not. There is no intention manifested to place jurors under an espionage to which they had not before been subjected, nor to raise the veil of

secrecy which enshrouds them while in retirement for the purpose of consulting together and determining upon their verdict. During such retirement they are presumed to be properly performing their duties. Their deliberations are not necessarily confined to discussions with each other. While such discussions are essential to the proper consideration of matters concerning which there is a difference of opinion, a juror may deliberate as wisely and to as good effect when he is considering and weighing the evidence in his own mind, as when he is pressing his conclusions upon his fellows. Because jurors are not debating, it does not follow that they are not deliberating; and it is not for the court to say that they are deliberating at one moment, and are not deliberating at some other moment. The court assumes that they are deliberating while in retirement for that purpose, and will make no inquiry into the nature or extent of such deliberations.

It is the province of the trial court, which knows how, where, and under what conditions the jury has been confined during its retirement and is familiar with all the circumstances, to determine when the jury has given sufficient consideration to a case to warrant receiving a verdict not unanimous. Such determination will not be reversed, unless it appears that the trial court has abused its discretion, or that the requirements of the statute have not been complied with. Where a jury has been in retirement for a period well beyond the time prescribed by statute, the law conclusively presumes that they have been in deliberation for the required length of time.

Order affirmed.