## STATE v. MICHAEL J. FLAHERTY.[1]

February 21, 1924.

No. 23,568.

**When verdict cannot be impeached by juror's affidavit.**

    1. A juror's affidavit to the effect that she was coerced into the verdict, assented to by all the jurors when polled, is not available to impeach the same.

**Conviction of election judge sustained.**

    2. The evidence sustains the verdict that defendant, as an election judge, wilfully and knowingly added the names of fictitious persons to the poll-list.

Defendant and others were indicted by the grand jury of Ramsey county charged with the crime of wilfully adding to the poll list of the Seventh election district, Second ward of the city of St. Paul. Defendant was tried separately in the district court for that county before Michael, J., who when the state rested denied defendant's motion for dismissal and when defendant rested his motion for a directed verdict, and a jury which found him guilty as charged in the indictment. From an order denying his motion for a new trial, defendant appealed. Affirmed.

*William J. Quinn,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Deputy Attorney General, and *Harry H. Peterson,* County Attorney, for respondent.

[1]Reported in 197 N. W. 284.

HOLT, J.

Defendant appeals from an order denying him a new trial. He was indicted and found guilty of wilfully adding names to the poll list of the Seventh district of the Second ward in the city of St. Paul.

The contentions of defendant in this court are: (a) The verdict is not justified by the evidence, hence, when the state rested, his motion for dismissal should have been granted, and when the testimony was closed it was error to deny his motion for a directed verdict; (b) a juror was coerced into assenting to the verdict.

Counsel frankly concedes lack of confidence in the point of the juror's coercion. It rests wholly upon that one juror's affidavit, and the rule is well settled in this state that a verdict to which, on a poll, every member assented may not be thus impeached. State v. Wims, 26 Minn. 183, 2 N. W. 494, 683; Hurlburt v. Leachman, 126 Minn. 180, 148 N. W. 51.

Defendant was a duly appointed and acting election judge. At the election in November, 1922, he was charged, jointly with the other election judges and clerks, with having wilfully added to the poll list 38 names of persons as qualified electors, well knowing they were not such. The proof is ample and undisputed that the names of the persons added were fictitious, or were of persons who did not reside at the places from which they were registered. Several of the places of residence of the alleged electors were nonexistent.

The only proposition open to debate is whether defendant knowingly added such names. A great many were entered in defendant's handwriting. It is entirely improbable that 38 persons, or in fact any great number of persons, would undertake to unlawfully present themselves for registration. Nor is it likely that one or two persons would attempt to work such a scheme to swell the poll list. It could scarcely be done without detection by the election judges or clerks. But, aside from such considerations, defendant had testified at an election contest growing out of this election, and his testimony was introduced by the state without objection. From that it appears that defendant had lived with his father and brothers for 15 or 20 years in a small house known as No. 864 Con-

way street. His sister had lived next door at 862 Conway street, for 3 or 4 years. From that house he entered on the poll list 3 persons as electors by the name of Jones. He testified he knew of no one by the name of Jones in the neighborhood. These men were voted. Number 862 Conway street is a small two-story house, defendant's sister, her husband and a housekeeper living down stairs, and a Mrs. Shaughnessy and her husband upstairs. It contained no other persons.

The jury were justified in finding that defendant wilfully and wrongfully added the three Joneses to the poll-list, knowing that no such electors existed or resided at 862 Conway street. The adding such a number of fictitious names to the poll-list as was done in this election is such a flagrant and wholesale violation of the election law that it is not conceivable that it could have succeeded on the scale it did without defendant, an election judge, being actively and knowingly concerned in it. The evidence justifies the verdict.

The order is affirmed.