## STATE v. WILLIAM HEEGEL.[1]

June 17, 1927.

No. 26,005.

**Conviction sustained.**

1. The evidence justified the jury in finding that the defendant made the sale of liquor with which he was charged and that the liquor was intoxicating and potable as a beverage.

**New trial correctly denied on ground chief witness was of unsound mind.**

2. There was no error in denying a new trial on the ground that, after the verdict was returned, the defendant ascertained that the principal witness for the state was reputed to be of unsound mind and a man whose statements were regarded as unreliable by those who knew him.

**Denial of new trial on affidavit of juror correct.**

3. There was no error in denying a new trial on the strength of the affidavit of a juror that he did not believe the testimony of the state's principal witness and consented to the return of a verdict of guilty merely to put an end to the case.

Criminal Law, 16 C. J. p. 1202 n. 70; p. 1204 n. 77, 78; p. 1236 n. 50; p. 1237 n. 62, 63; p. 1238 n. 74.

Intoxicating Liquors, 33 C. J. p. 764 n. 1; p. 774 n. 14; p. 775 n. 19; p. 777 n. 58.

Defendant appealed from the judgment of conviction and from an order of the district court for Kanabec county, Stolberg, J., denying a new trial. Affirmed.

*Francis Muekel,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Deputy Attorney General, and *George L. Angstman,* County Attorney, for the state.

[1]Reported in 214 N. W. 474.

LEES, C.

The appellant was convicted of an illegal sale of intoxicating liquor to one Carl Sohlberg. The appeal is from an order denying a new trial and from the judgment of conviction.

The testimony of Sohlberg, if true, was sufficient to justify the jury in finding that the alleged sale was made. It was flatly contradicted by the appellant and there was little corroboration. It does appear, however, that shortly after the alleged sale took place the sheriff of Kanabec county went to appellant's farm armed with a search warrant and found a box containing 56 empty pint bottles, which appeared to be new, several hundred empty bottles, which were old, and an empty can which gave off an alcoholic odor. Appellant's explanation of the presence of the bottles does not seem to have been satisfactory to the jury, and we are not disposed to interfere with the verdict, approved as it was by the trial court.

But it is contended that the state failed to prove that the liquor was intoxicating or potable as a beverage.

In addition to the result of the fire test applied in State v. Brandt, supra, page 367, a witness testified that he smelled the liquor contained in the bottles Sohlberg purchased and drank a small portion of it and became dizzy; that in his youth he had drunk intoxicating liquor at times and that the contents of the bottles had the taste and produced the effect of intoxicating liquor; and Sohlberg testified that on April 10, 1926, he purchased two bottles of liquor from the appellant, drank part of it and became intoxicated. This was sufficient to establish the intoxicating quality and potability of the liquor in question. State v. Tremont, 160 Minn. 314, 200 N. W. 93; State v. Ruddy, 160 Minn. 435, 200 N. W. 631; State v. Gussey, infra, page 520.

Sohlberg's testimony was full of contradictions. Evidently some of his statements were false. In support of the motion for a new trial appellant produced the affidavit of a man who had known Sohlberg for a long time, stating that he was of unsound mind and that among those who knew him little or no reliance was placed on his statements. This newly discovered evidence was not of such a nature as to require the trial court to grant a new trial or to warrant

the statement that there was a manifest abuse of judicial discretion in denying it. That this is the test is well settled. Dun. Dig. § 7125.

The jury was out about 24 hours before it returned a verdict. One of the jurors made an affidavit to the effect that he did not believe Sohlberg's testimony and only consented to the return of a verdict of guilty in order to end the case. Such an affidavit furnishes no ground whatever for a new trial. Hurlburt v. Leachman, 126 Minn. 180, 148 N. W. 51; State v. McReady, 154 Minn. 366, 191 N. W. 816; State v. Flaherty, 158 Minn. 254, 197 N. W. 284.

Order and judgment affirmed.