# STATE v. HAROLD HOOK.[1]

March 15, 1929.

No. 27,271.

See note in 50 L.R.A.(N.S.) 941; 16 R. C. L. 287; 5 R. C. L. Supp. 877.

[1]Reported in 224 N. W. 144.

*William E. G. Watson, John A. Mansfield* and *Alf L. Bergerud,* for appellant.

*G. A. Youngquist,* Attorney General, *James E. Markham,* Deputy Attorney General, and *R. F. Schulz,* County Attorney, for the state.

Holt, J.

Convicted of the crime of carnal knowledge, defendant appeals from an order denying his motion for a new trial.

A former jury returned a verdict of guilty. This court granted a new trial. State v. Hook, 174 Minn. 590, 219 N. W. 926. On the merits the contention is that the evidence does not prove defendant guilty beyond a reasonable doubt. The prosecutrix, whose home was at Tyler, Minnesota, first met defendant during the last days of August or the first days of September, 1926. From then on for about a month and a half he took her nearly every Sunday evening to the dance pavilion at Lake Benton. Another young couple accompanied them. The trips were taken in a Ford coupé, in which at one time as many as six rode in the one seat. The prosecutrix testified to three occasions upon which she had illicit relations with defendant when they thus met. Defendant required the state to elect, and the last occurrence, claimed to have been on Sunday, October 10, was selected as the one upon which the prosecution rested. Defendant denied that he had wronged the prosecutrix at any time, and particularly directed his evidence to proving an alibi on October 10. Prosecutrix gave birth to a child on May 26, 1927. There was no evidence as to whether or not the delivery was premature.

It is unnecessary to detail the evidence. There were contradictions, and especially in respect to the alibi of the tenth of October. But the conflicts, contradictions, and discrepancies which the testimony of the different witnesses brought forth were for the jury alone to solve. If the story of the prosecutrix, in part at least corroborated by her girl companion on these trips, was accepted

by the jury, the verdict has ample support. There is nothing inherently improbable in her version, nor is defendant's alibi so convincing that this court would be justified in granting a new trial, the verdict being approved by the trial court. The manner in which the cause was submitted to the jury is not complained of. The charge clearly, and fairly to defendant, outlined the vital facts which the state had to establish by the requisite quantum of proof and also defined the bearing of such incidental matters as former illicit relations and the birth of the child.

The right to a new trial is claimed also upon the ground that on his voir dire the juror Foss falsely stated that he had never employed the county attorney as his attorney, thereby inducing defendant not to exercise a peremptory challenge as to that juror. No claim is made that the juror was subject to challenge for cause. It appears that some seven or eight years ago Foss was a stockholder in a nearby telephone company; that a stockholders meeting was about to be held and a part of the stockholders engaged the present county attorney to attend and give needed advice; that he did attend, as did also Foss; and that the latter is now an officer of the company. There was no showing that the county attorney ever was the attorney for the company, or was engaged by Foss personally to attend the meeting, or that he has on any subsequent occasion advised any of the stockholders, or acted in any capacity for Foss. It is readily seen that an ordinary layman, as was Foss, would fail to see any employment of an attorney by him under such circumstances. Since the examination of the juror on his voir dire is not in the record, it cannot be said that the answer purported to have been given was the sole cause of the failure of defendant to exercise a peremptory challenge to the juror. It was defendant's privilege to ascertain whether or not the juror had more than a mere acquaintance with the county attorney. It is not made to appear that any effort in that direction was made.

After verdict it should be too late to discover and successfully urge as a ground for a new trial that by some answer of a prospective juror the defeated party failed to avail himself of the right of peremptorily excluding him. Defendant cites Williams v. Mc-

Grade, 18 Minn. 65 (82), where a new trial was granted because one of the jurors had been a juror in a previous trial of the cause, which fact did not become known to the parties or their attorneys until after the trial. The ruling has not been cited as a precedent since, and it is to be noted that the decision is put upon the ground that the juror was disqualified by reason of implied bias. In the case at bar it is not suggested that any cause for challenge existed. The reason stated for the decisions in State v. Durnam, 73 Minn. 150, 75 N. W. 1127; Keegan v. M. & St. L. R. Co. 76 Minn. 90, 78 N. W: 965, leads to the conclusion that there is nothing in the acceptance of Foss as a juror upon which this court may grant a new trial. The authorities upon this subject are quite fully found in the annotation to State v. Harris, 50 L.R.A.(N.S.) 933.

Two women were on this jury, and the contention is made that since the jury did not agree before bedtime and the county did not have separate sleeping quarters for women the court should have ordered the women jurors "kept in a suitable hotel for the night," as directed by L. 1927, p. 308, c. 210, 2 Mason Minn. St. §§ 10713 and 10713-1. By failing to so order it is now claimed that one of the women jurors was forced to a verdict. It is clear that the proviso of § 10713 relates to sleeping accommodations.

The case was submitted to the jury about four o'clock in the afternoon of one day and the verdict returned at 3:30 in the afternoon following. There is nothing in the record to indicate that the court was advised that any juror desired to go to bed before reaching a verdict. There was a woman bailiff as well as a man bailiff in charge of the jury. The judge was undoubtedly within reach and ready, if requested, to make the order in compliance with this law. When the jury after deliberating until ten o'clock the following morning reported, no complaint was made and no unwillingness expressed to further deliberation. The jury again reported at two p. m., at which time, on hearing the foreman's opinion that they were nearer in accord than at ten o'clock, the court directed them to consider the cause further. At this time no juror objected to so doing, but the woman juror in question made the remark that "it

won't do any good." An affidavit by this juror in support of the motion for a new trial states that she was ill on the day the verdict was rendered, and that "because of the inconvenience and lack of separate accommodations for the women jurors, this juror finally was forced to vote a verdict of guilty for the defendant, as she could no longer stand being confined in said jury room without proper accommodations." She also stated that she did not believe the evidence warranted a verdict of guilty. The jurors were polled when the verdict was returned, and this juror like all the rest declared it to be her verdict.

In this state it is settled that a juror may not impeach the verdict he took part in rendering. Stevens v. Montgomery, 27 Minn. 108, 6 N. W. 456; Svenson v. G. W. Ry. Co. 68 Minn. 14, 70 N. W. 795; Wester v. Hedberg, 68 Minn. 434, 71 N. W. 616; Hurlburt v. Leachman, 126 Minn. 180, 148 N. W. 51. As we understand defendant's counsel, it is conceded that the juror could not by her affidavit impeach the verdict by showing misconduct or irregularities of the jurors while deliberating on the verdict in the jury room; but the contention is that facts which obviously coerced the juror may be shown. However if facts like those appearing from the affidavit of the juror in question are accepted as showing a coerced verdict, a practice is approved which imperils nearly every verdict. A juror may thus after the verdict has been rendered think of some physical or mental discomfort, of which neither court nor fellow jurors were apprised, which moved him to consent to the verdict against his better judgment, and by so disclosing to the defeated party the latter could obtain a new trial. We consider such procedure intolerable. We see nothing in facts disclosed indicating a coerced verdict, or that the court violated any statute to defendant's prejudice.

Complaint is also made because the court refused to hear oral testimony as to both the juror Foss and the woman juror. It is enough to say that this was discretionary with the trial court. No abuse of discretion is shown.

The order is affirmed.

HILTON, J. took no part.