# STATE v. LEO MURPHY.[1]

October 3, 1930.

No. 28,018.

*Fraser & Fraser,* for appellant.

*Henry N. Benson,* Attorney General, *James E. Markham,* Deputy Attorney General, and *Theodore N. Ofstedahl,* County Attorney, for the state.

HILTON, J.

Defendant, upon an information duly filed, was convicted of the crime of transporting intoxicating liquor and sentenced to 60 days

[1]Reported in 232 N. W. 335.

in the county jail and fined $250 pursuant to the judgment entered. He appeals from the judgment.

■ In the afternoon of April 6, 1929, a man driving a Ford coupé stopped in front of Krogh's blacksmith shop in the village of Wanamingo, Goodhue county. He went into the blacksmith shop and asked Krogh if he wanted some alcohol. The answer was in the negative. In the shop at the time were Krogh, his helper, and a man named Strand. The ensuing conversation resulted in Strand's purchasing from the man one gallon of alcohol for which $13 was paid. At the request of the purchaser Krogh, in the presence of the seller, procured a gunny-sack or a piece of canvas, went out to the car, took from the back thereof a filled gallon tin container, brought it into the shop, and placed it under a bench. The seller drove away in the car. Shortly thereafter the president of the village council and three other men came into the shop. The former inquired if there was any liquor in the place and was shown the can in question. It contained a gallon of liquor, which on analysis tested 91.75 per cent alcohol, potable as a beverage. This evidence was uncontradicted.

Krogh and his helper identified the defendant as the seller of the alcohol and driver of the car. Another witness also identified him as the driver of the car. The only witness for defendant was himself. He testified that he was in Rochester at the time stated and that he had not been in Wanamingo for some time. He denied that he committed the offense.

A number of grounds are advanced for a reversal. The one that the evidence does not justify a conviction is wholly without merit. The evidence was ample.

■ The jury retired at 4:30 p. m. and at 11:45 had been unable to agree. This being reported to the court, it directed that the women members of the jury be taken to a designated hotel in custody of a woman bailiff, there kept in one room by themselves, and returned to the court at the opening of the morning session. The men members of the jury were also kept by themselves. Goodhue county had not provided separate accommodations for men and women jurors in the court house or elsewhere. Defendant contends

that such separation of the jurors amounted to an acquittal and that the court should have discharged defendant. We cannot so hold.

L. 1927, p. 308, c. 210, amending the statute which provides that a jury shall be kept together until an agreement is reached, contains this proviso:

"In case of mixed juries counties shall provide adequate, separate quarters for the women jurors with proper accommodations and in the event the county shall so fail to provide such proper accommodations the court shall order such women jurors kept in a suitable hotel for the night."

In State v. Hook, 176 Minn. 604, 224 N. W. 144, this court held that the proviso above referred to related to sleeping accommodations. The trial court under the circumstances took the proper action.

█ The defendant claimed that under the evidence Krogh was an accomplice and requested the court so to instruct the jury, and also to instruct that his testimony must be corroborated in order to justify a verdict of guilty. These requests were refused. The offense charged was the transportation of intoxicating liquor. The transportation proved consisted in bringing the liquor in the car to the place where the car was stopped in front of the blacksmith shop. With this Krogh had nothing to do. If Krogh himself was guilty of transporting liquor from the car to the shop, it was a separate and distinct offense; then too his evidence was corroborated. There was no error in this regard.

█ Fault is found with a certain portion of the charge to the jury. Counsel selects one sentence therein for severe criticism without referring to the sentences immediately preceding and following it. The charge cannot thus be successfully assailed; it should be considered in its entirety and not by an examination of portions thereof by themselves. Taken as a whole, the law applicable to the case was fairly and correctly presented to the jury.

Judgment affirmed.