# STATE v. FRED MAMER.[1]

## February 8, 1918.

## No. 20,538.

**Intoxicating liquor — illegal sale — imprisonment without fine.**

Defendant was convicted of selling intoxicating liquor without a license. It is *held*:

(1) The evidence sustains the verdict.

(2) There was no error in an instruction that the jury might consider certain evidence, if true, as an admission of guilt on the part of defendant.

(3) Defendant cannot complain that the punishment of a fine was not imposed in addition to imprisonment, though the statute provides for both fine and imprisonment.

Defendant was indicted by the grand jury for the crime of selling intoxicating liquor without a license, tried in the district court for Dakota county before Converse, J., and a jury and found guilty as charged in the indictment. From the judgment sentencing him to imprisonment in the county jail for 60 days, defendant appealed. Affirmed.

*George H. Gerlich, Jr.,* for appellant.

*Lyndon A. Smith,* Attorney General, and *James E. Markham,* Assistant Attorney General, for respondent.

BUNN, J.

Defendant was convicted of selling intoxicating liquor without a license. The judgment was that he was guilty and be punished by imprisonment in the county jail for 60 days. There was no motion for a new trial. Defendant appeals from the judgment.

Counsel for defendant in arguing for a reversal of the judgment, made these contentions: (1) The verdict is not sustained by the evidence; (2) the court erred in its charge in the respect hereafter mentioned; (3) the sentence was one not authorized by statute.

[1]Reported in 166 N. W. 345.

1. We have considered the evidence. It was conflicting, but amply sufficient in our judgment to warrant the jury in concluding that defendant sold the liquor as charged in the indictment.

2. Shortly after the alleged sale was made defendant was arrested charged with the sale, and also with keeping an unlicensed drinking place. He appeared before a justice of the peace, pleaded guilty to the charge last mentioned, and offered to plead guilty to making the sale which was the basis of the conviction in the present case. The justice refused to accept this plea, on the ground that he had no jurisdiction of the offense. It is claimed that the court erred in receiving the evidence of these proceedings before the justice, and in instructions to the jury in relation thereto. There was clearly no error in admitting the evidence, as it plainly tended to show an admission of guilt by defendant. In its charge the court told the jury that they might consider this evidence, if they believed it to be true, as an admission of guilt. While it might have been better to have omitted particular reference to this evidence, we do not think the instructions complained of amounted to anything more than telling the jury that it might consider this evidence and give it the proper weight. While the instruction is not to be commended, we are unable to say that it was error.

3. The sentence was 60 days in the county jail, without any fine. The statute (G. S. 1913, § 3109), provides that the punishment for the offense shall be a fine of not less than $50 *and* imprisonment in the county jail for not less than 30 days. Defendant is complaining that he was not fined. Doubtless the trial court would remedy this if it were applied to. We think defendant has no right to complain. If the sentence is void, the result would be the remanding of the case for the imposition of a lawful sentence. State v. Reed, 138 Minn. 465, 163 N. W. 984. We do not understand that defendant wishes this.

Judgment affirmed.