## STATE v. H. M. ANDERSON.[1]

December 31, 1927.

. No. 26,380.

**When plea of guilty is withdrawn with leave of court it is not admissible in evidence at trial of substituted plea.**

A plea of guilty which is withdrawn by leave of the court is not admissible upon the trial of the substituted plea of not guilty. ·

Criminal Law, 16 C. J. p. 631 n. 60.

---

See 22 R. C. L. 20; 3 R. C. L. Supp. 1230; 4 R. C. L. Supp. 1451.

Defendant appealed from a judgment of the district court for Lyon county, Enersen, J. convicting him of the unlawful sale of intoxicating liquor. Reversed.

*A. R. English* and *Hall & Gislason,* for appellant.

*Clifford L. Hilton,* Attorney General, *James E. Markham,* Deputy Attorney General, and *William R. Mitchell,* County Attorney, for the state.

PER CURIAM.

Appeal from a judgment. Defendant was convicted of the unlawful sale of intoxicating liquor. On cross-examination he was required to testify over proper objection that he had first plead guilty to the accusation made in the information upon which he was on trial and that he thereafter withdrew such plea by leave of the court. This was error. Under such circumstances the former plea is held for naught. Kercheval v. U. S. 274 U. S. 220, 47 S. Ct. 582, 71 L. ed. 1009. A new trial is granted.

Reversed.

[1]Reported in 217 N. W. 351.