## STATE v. HAROLD HOOK.[1]

June 15, 1928.

No. 26,786.

**After vacation of plea of guilty and judgment, prosecutor's cross-examination of accused was error.**

1. When a plea of guilty, sentence and judgment are set aside by the trial court upon the ground that the defendant was misled in making his plea and he is allowed to enter a plea of not guilty and goes to trial thereon, it is error to require him to state on cross-examination what he said before the presiding judge after his plea preliminary to sentence and as a part of the proceeding resulting in the judgment.

**Testimony intended to fix date of purchase should have been admitted.**

2. Where a date was important and a witness stated it positively, but could not fix it by any circumstance more definite than that she had bought some clothing the day previous for which she had paid by check, she should have been permitted to testify on redirect that she had found the check and could verify her recollection by reference to its date.

**Not error to exclude evidence of details of settlement proposed by prosecuting witness.**

3. Upon cross-examination the prosecutrix admitted that, after the filing of the complaint before the justice of the peace, she and some of her relatives had sought a money settlement with the relatives of the defendant. There was no error in excluding testimony as to the details of the proposed settlement.

Criminal Law, 16 C. J. p. 630 n. 42; p. 635 n. 27.
Witnesses, 40 Cyc. p. 2525 n. 18.

Defendant appealed from an order of the district court for Lincoln county, Enersen, J. denying his motion for a new trial. Reversed.

*William E. G. Watson* and *John A. Mansfield,* for appellant.

*G. A. Youngquist,* Attorney General, *James E. Markham,* Deputy Attorney General, and *R. F. Schulz,* County Attorney, for the state.

[1]Reported in 219 N. W. 926.

DIBELL, J.

The defendant was convicted upon a trial before a jury of the crime of carnal knowledge of a female child under the age of 18 years, and appealed from the order denying his motion for a new trial.

1. The case came to trial in the September, 1927, term of the Lincoln county court. The defendant was convicted on his plea of guilty, and judgment was entered on the 28th day of September. A few days later motion was made to set aside the plea, sentence and judgment upon the ground that the plea was entered through misapprehension and mistake. On October 4 the court entered an order to this effect:

"That the judgment, sentence and order of the court made and entered on the 28th day of September, 1927, be and the same is hereby vacated and set aside and the commitment papers issued in connection therewith are hereby recalled and cancelled.

"That the plea of guilty made and entered by the defendant on the 27th day of September, 1927, in said proceedings, is hereby vacated and that the defendant be permitted to change his plea and to make and enter a plea of not guilty to the charges contained in the information."

The motion was made upon the ground that the plea of guilty "was made through misapprehension and mistake and that the judgment and sentence of the court was based wholly upon the plea of guilty." Trial on the plea of not guilty was commenced a few days later, resulting in the conviction now before the court. The defendant testified in his own behalf. The state on cross-examination asked him whether he was in the courthouse at Ivanhoe, Minnesota, on the 26th day of September, 1927, before the judge then presiding, and received an affirmative answer. Then followed a num-. ber of questions as to what on that day he said to the presiding judge, question and answer being suggested to him. The questions were such as are usually put to a defendant upon his tendering a plea of guilty and as preliminary to the sentence. They were such as are in part at least contemplated by the statute, and were a part

of the judicial proceeding resulting in the sentence and judgment, both of which had been set aside by the order of the court. The plea was not put before the jury. Most of the questions were not in themselves important. The answer to one question, unexplained, was an admission of guilt and went directly to the jury.

In State v. Anderson, 173 Minn. 293, 217 N. W. 351, it was held error to introduce a plea of guilty which had been set aside, following the recent case of Kercheval v. U. S. 274 U. S. 220, 47 S. Ct. 582, 71 L. ed. 1009. The rule that a plea of guilty cannot be introduced in evidence against the accused after it has been withdrawn by permission of the court is well supported. See State v. Meyers, 99 Mo. 107, 119, 12 S. W. 516; People v. Ryan, 82 Cal. 617, 23 P. 121; Heath v. State, 23 Okl. Cr. 382, 214 P. 1091; Heim v. U. S. 47 App. D. C. 485. Permitting the state to make such inquiries as were made in this case is a substantial evasion of the doctrine of the Supreme Court of the United States announced in the Kercheval case which was the basis of our decision in the Anderson case. There are a few cases to the contrary, but they are in the minority and are out of harmony with the doctrine deliberately adopted in the Anderson case. The plea, sentence and judgment, using the language of the court in the Kercheval case, were set at naught by the order vacating them, and their subsequent use was in conflict with the order. We are unable to separate the statement made by the defendant to the presiding judge from the rest of the vacated judicial proceeding. It should not have been used against the defendant; and it can be said that no one familiar with court rooms could believe that the jury did not understand that a plea of guilty had been entered.

2. At the close of its testimony the state elected to rely upon October 10, 1926, as the date of the offense. Whether it was bound by its election is not now important. The defendant had married after the date of the alleged offense. His wife testified that she and some others were with him on October 10 and that the prosecuting witness was not. This was important evidence. The county attorney with entire propriety sought to weaken her testimony as to the date and suggested that she was without any facts definitely

supporting her statement. He was successful in weakening the effect of her testimony and giving the jury an opportunity to believe that she was mistaken and that the date may have been a week earlier or a week later. She stated the date positively and said that it was the day after the purchase of some clothing, but could give no other corroborating circumstance. On redirect it was sought to prove that the check with which she purchased the clothing was dated October 9 and by it she could make certain the date. The county attorney had properly weakened her testimony because of her inability to produce evidence more definitely fixing the date. The testimony offered, if believed by the jury, went to supply the corroboration which the state claimed was lacking. It should have been received. Its weight and effect were for the jury.

3. The prosecutrix on cross-examination testified that on April 26, 1927, she had a talk with the defendant's father, mother and brother about a money settlement. The defendant sought to show by her further cross-examination and by other testimony that she proposed a settlement and offered to settle for $1,500, move from the state, and drop the prosecution. The state's objection to such testimony was sustained. The defendant was not entitled to the details. There was no error in the ruling.

Order reversed.

HILTON, J. took no part.