STATE v. ALBERT A. CATER.[1]

January 12, 1934.

No. 29,759.

[1]Reported in 252 N. W. 421.

*W. H. Kinler* and *Ernest A. Michel,* for appellant.

*Harry H. Peterson,* Attorney General, *Roy C. Frank,* Assistant Attorney General, and *Edward L. Rogers,* County Attorney, for the state.

*STONE, Justice.*

Convicted of grand larceny in the first degree, defendant appeals from the order denying his motion for a new trial.

His embezzlement occurred while defendant was the auditor of Cass county and *ex officio* agent for the state for the sale of game and fish licenses and collection of fees therefor. The information charges embezzlement, out of moneys received from that source, of the sum of $3,091.90. At the trial it was established that the actual amount was $1,701.10. No question is made that defendant was short on his fish and game moneys to that extent.

Having taken the money and devoted it to his own uses, the only other element of the crime is "intent to deprive or defraud the true owner of his property, or of the use and benefit thereof, or to appropriate the same to the use of the taker, or of any other person." 2 Mason Minn. St. 1927, § 10358. We have another statute, 2 Mason Minn. St. 1927, § 10662, providing that in a prosecution such as this

"it shall be sufficient to allege generally in the indictment a larceny of money to a certain amount, without specifying any particulars of such larceny, and on the trial evidence may be given of any such

larceny committed within six months next after the time stated in the indictment; and it shall be sufficient to maintain the charge in the indictment, and not be deemed a variance, if it is proved that any money, bank note, check, draft, bill of exchange, or other security for money of such person, of whatever amount, was stolen by such clerk, agent, or servant within the same period of six months."

■ Defendant as witness for himself, by his own testimony, demonstrated his guilt. He admitted that he collected the money, deposited it to the credit of his private bank account, and has never "turned this money over to the game and fish department." He admitted the substantial correctness of testimony of other witnesses, examiners for the state, that he had freely confessed his shortage. He admits that the money is gone and does not say where. He may be given the benefit of an implied denial of criminal intent.

The intent required by the statute as an element of the crime appears so clearly that discussion is worse than useless. That defendant took the money, intending to use it for his own purposes, and that he did so appears too plainly to admit question. Nothing more in the way of intent is necessary under the statute.

■ It is the law that a plea of guilty, withdrawn by leave of court, is not admissible against the defendant upon a substituted plea of not guilty. State v. Anderson, 173 Minn. 293, 217 N. W. 351, following Kercheval v. U. S. 274 U. S. 220, 47 S. Ct. 582, 71 L. ed. 1009; State v. Hook, 174 Minn. 590, 219 N. W. 926. Overlooking that rule, the county attorney in opening to the jury indicated, or at least began to, that defendant had requested an opportunity to appear in court and plead guilty. Thereupon the prosecutor was admonished by the court not to pursue the subject further at that time. Passing the distinction between a plea of guilty and a request by an accused for opportunity to make such a plea (the latter being all that was suggested in this case), we go to the fact that the defense took up the matter by evidence where the county attorney left it without evidence. As witness for himself, the defendant explained fully his former disposition to plead guilty. His version of the matter was put before the jury, without effort by the state

to contradict or qualify. Hence the misconduct, if any, of the county attorney was without prejudice to defendant.

In view of the incompetence as evidence of a plea of guilty upon the trial of an accused upon a substituted plea of not guilty, it is improper that a prosecutor should attempt, in his opening statement or otherwise, to get knowledge of the withdrawn plea before the jury. Such conduct in a proper case would be ground for reversal. State v. Hook, 174 Minn. 590, 219 N. W. 926.

■ 2 Mason Minn. St. 1927, § 10662, above quoted, is not to be taken as putting any limit to the evidence which may be admitted, pro and con, in a prosecution for larceny of this kind. It was plainly intended to liberalize rather than narrow the strict rules of criminal pleading and proof to the extent stated. It prevents conviction for "any such larceny committed" more than six months after the time stated in the indictment. But, with evidence of larceny within the statutory six months, it is not error to admit, for whatever it may be worth, otherwise relevant evidence of the doings of the accused outside the six-months period. With that construction, and none other is permissible, the statute was not violated in this case.

■ By the charge defendant was given full benefit of the law's demand for proof of guilt beyond reasonable doubt as condition precedent to conviction. The jury was also told that their verdict must be unanimous and that they would not be able to separate until they had arrived at a verdict. The motion for a new trial was accompanied by an affidavit of one juror that he was not satisfied of defendant's guilt but that he joined in the verdict because he considered it impossible for the jury to reach a verdict of not guilty. Some way or other, so he says, he got the notion that it was his duty to join in the verdict even though not convinced beyond reasonable doubt of defendant's guilt. Of course verdicts cannot be destroyed by such afterthoughts, real or imaginary, of jurors. State v. Hook, 176 Minn. 604, 224 N. W. 144; 5 Dunnell, Minn. Dig. (2 ed. & Supp.) § 7109. In view of the succinct charge, the juror's averment of misunderstanding is just beyond belief. Its only accomplishment is to show that its author's name should be struck

from the list of potential jurors. This juror had acted as a court bailiff during the entire "June 1932 general term." He had been of the jury in a manslaughter case tried "immediately preceding the trial of this case," wherein, after more than six hours' deliberation, he joined in a verdict of guilty. The vice of the argument that a new trial should be granted on such a showing from such a source is not alone in the fact that any juror might overturn a verdict, but also that any person convicted of a crime might easily accomplish the same result with the assistance of a weak, impressionable, or vendible juror.

Order affirmed.

