## STATE v. JOHN McGUNN.[1]

October 4, 1940.

No. 32,473.

[1]Reported in 294 N. W. 208.

*Eriksson & Eriksson,* for appellant.

*J. A. A. Burnquist,* Attorney General, *M. Tedd Evans,* Assistant Attorney General, and *W. P. Berghuis,* County Attorney, for the State.

LORING, JUSTICE.

Defendant was convicted of the crime of petit larceny. Upon the denial of his motion for a new trial, he appeals. The information charged that the defendant embezzled $339.15 from one C. A. Kirtland as trustee on June 20, 1939. After the admission of evidence at the trial, the prosecution moved to amend the information by changing the date on which the charged theft took place. The trial court, seeing no prejudice to defendant, allowed the amendment. Defendant complains that it should not have been allowed; further, that the state should have been required to elect upon proof of which item, claimed to have been embezzled, it was going to rely; and that the state did not effectively elect to prosecute under 2 Mason Minn. St. 1927, § 10662, which provides that embezzlement may be charged without specifying any particulars of such larceny, and that evidence may be given of any such larceny committed within six months next after the time stated in the indictment. We believe the information was sufficient under 2 Mason Minn. St. 1927, § 10662, and that the trial court properly allowed the amendment. The date is not the essential element of the crime. State v. Irish, 183 Minn. 49, 235 N. W. 625.

More difficult is the problem raised concerning the admission of evidence of defendant's proposed plea of guilty. As to the question of whether or not a plea of guilty, which is withdrawn by leave of the court, is admissible upon the

trial of a substituted plea of not guilty, there is a division of authority. One line of cases holds the former plea of guilty admissible on the theory that such a plea should be treated as a confession, and, although withdrawn and the plea of not guilty substituted, it has the same logical probative force as any other confession, subject to all the safeguards surrounding confessions. People v. Steinmetz, 240 N. Y. 411, 148 N. E. 597; State v. Carta, 90 Conn. 79, 96 A. 411, L. R. A. 1916E, 634; State v. Mamer, 139 Minn. 265, 166 N. W. 345. The United States Supreme Court in the case of Kercheval v. United States, 274 U. S. 220, 47 S. Ct. 582, 71 L. ed. 1009, and this court in State v. Anderson, 173 Minn. 293, 217 N. W. 351, and State v. Hook, 174 Minn. 590, 219 N. W. 926, have held otherwise. Other cases in support of this view are People v. Ryan, 82 Cal. 617, 23 P. 121; Heim v. United States, 47 App. D. C. 485, L. R. A. 1918E, 87; Heath v. State, 23 Okl. Cr. 382, 214 P. 1091; State v. Meyers, 99 Mo. 107, 12 S. W. 516. The reasoning by which the courts arrive at the latter view is that a withdrawal of the former plea of guilty by leave of the court annuls the plea and it ceases to be evidence. It is not a former plea of guilty with which we have to deal in the case at bar, but merely a proposal to plead guilty on the promise or recommendation of a suspended sentence. Can it be said that the above reasoning does not apply with equal force to the case where the defendant merely makes an offer to plead guilty as to the case where the defendant actually makes such a plea and later, by leave of the court, withdraws it? We think not. If such were the result, the defendant who merely offered to plead guilty would be in a worse plight than the defendant who actually pleaded guilty, withdrew his plea, and substituted another.

In the case of State v. Mamer, 139 Minn. 265, 166 N. W. 345, cited by the state in support of the admissibility of such evidence, the record of the case and the briefs of

counsel disclose that the question as to its admissibility was neither raised nor discussed in the trial court or in the briefs on appeal. The case of State v. Nelson, 199 Minn. 86, 271 N. W. 114, also cited by the state, is a case of a written confession, voluntarily made out of court, supported by later admissions of the defendant affirming his guilt. In the case before us we are dealing with a conditional offer to plead guilty, made before the court and not accepted by it, and we think this should have the same treatment as a plea of guilty subsequently withdrawn. In the Kercheval case, 274 U. S. 220, 47 S. Ct. 582, 71 L. ed. 1009, the trial court charged that if the withdrawn plea of guilty was induced by a promise of advantage to the accused it should not be considered by the jury. The Supreme Court held that being withdrawn it should not have been submitted to the jury at all.

Since there will have to be a new trial, we should consider appellant's contention that the evidence produced by the state fails to prove and establish the commission of the crime of embezzlement by the defendant for the reason that if any money was embezzled it was not Kirtland's money, as charged in the information. The facts in this connection are that one Julius Eggum, who started a coal business in Fergus Falls under the trade name of Consumers Fuel Company, in June, 1937, and by whom the defendant was employed since the beginning of the business, became badly in debt in the spring of 1938, and that on June 4 of that year, as the result of the acceptance by him of a proposal by one of his three principal creditors, the Carnegie Dock & Fuel Company, Eggum entered into a written agreement by which he appointed C. A. Kirtland as trustee and as his "irrevocable agent" during the period of the agreement to take complete charge of the following portions of his business: The keeping of his books and records; the handling of his accounts receivable and all other assets of his business, whether repre-

senting past, present, or future transactions; the disbursing of all funds pertaining to his business; the making of all purchases for his business; and the making of any and all contracts that might expose the business to a liability or call for the expenditure of funds. The instrument also provided that Kirtland might delegate certain of these functions to Eggum, but in each case such delegation would be on the understanding that Eggum, in the performance of it, was acting for the agent for the purposes of the agreement and not in his own behalf, and that Eggum would be accountable to the "agent" for all actions that he might take under any instructions given by the "agent" to him. By accepting this proposal Eggum agreed not to make any purchases for the business, withdraw any funds or properties from the business, or incur any indebtedness on account of the business except as approved and authorized by the "agent" (Mr. Kirtland), and that he would turn over to the "agent," pursuant to the agreement, any and all receipts of the business that came into his hands. Taking this agreement by its four corners and in view of what Kirtland was authorized to do and what Eggum was prohibited from doing, it appears clearly that Kirtland, although designated in part as "agent," was in fact trustee of Eggum's business, and as such had title to the money which is charged to have been embezzled.

We have considered the evidence and are satisfied that it is sufficient as to certain of the items charged to sustain a conviction of petit larceny.

For the reasons stated above, order reversed and new trial granted.