STATE v. HOWARD HAROLD HAYES.

172 N. W. (2d) 324.

November 21, 1969—No. 41377.

*C. Paul Jones,* State Public Defender, and *Roberta K. Levy,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, *William B. Randall,* County Attorney, and *Steven C. DeCoster,* Assistant County Attorney, for respondent.

MURPHY, JUSTICE.

This is an appeal from a judgment of conviction in a prosecution for uttering a forged instrument. Defendant contends that the trial court, in the prosecution before it without a jury, erred in receiving evidence of a withdrawn plea of guilty to the same offense which had been entered in a prior proceeding before another judge.

The basis of the prosecution was the identification of defendant as one who cashed a worthless check in a bar on August 18, 1967. The state's identification witness was a bartender who accepted the check and who said that, although he did not know defendant's name, he had seen him perhaps as long as 2 years before. Except for about 28 days, defendant was in the State Prison at Stillwater from 1962 to 1967. The witness did not ask for identification when the check was presented, although he ordinarily did so. He admitted that he cashed many checks, probably 10 to 20, on the night of August 18. Although the witness testified that the check was passed on August 18, the endorsement on the check indicated that it had been canceled by the bank on August 17.

The trial followed by a few days another prosecution of defendant on a charge of armed robbery in which he was found guilty and sentenced to 20 years in the State Prison. After concluding that defendant was guilty in the instant case, the trial court sentenced him to a term of 5 years to be served concurrently with the other sentence.

The trial court permitted the state to have a court reporter read his notes of the proceedings in which defendant had withdrawn a plea of guilty to the same offense. The court reasoned that defendant's statements could be used as an impeachment of his testimony at the trial, but defendant contends the reporter's testimony was inadmissible. He relies on Kercheval v. United States, 274 U. S. 220, 47 S. Ct. 582, 71 L. ed. 1009, which holds that in a prosecution on a criminal charge, a prior plea of guilty thereto, which has been vacated or withdrawn, cannot be subsequently used as evidence. We have also held in numerous cases that a plea of guilty cannot be introduced in evidence against the accused after it has been withdrawn. State v. Anderson, 173 Minn. 293, 217 N. W. 351; State v. Hook, 174 Minn. 590, 219 N. W. 926; State v. Cater, 190 Minn. 485, 252 N. W. 421; State v. McGunn, 208 Minn. 349, 294 N. W. 208; State v. Reardon, 245 Minn. 509, 73 N. W. (2d) 192. Evidence of a

prior plea of guilty is inadmissible because, as stated in Kercheval (274 U. S. 224, 47 S. Ct. 583, 71 L. ed. 1012):

"The effect of the court's order permitting the withdrawal was to adjudge that the plea of guilty be held for naught."

Moreover, it should be recognized that a prior plea of guilty may violate the privilege of self-incrimination and that it is often based on motives other than admitting guilt. People v. Quinn, 61 Cal. (2d) 551, 39 Cal. Rptr. 393, 393 P. (2d) 705; Annotation, 86 A. L. R. (2d) 326. We are of the view that evidence of prior proceedings in which a plea of guilty was vacated or withdrawn is as objectionable as evidence of the plea itself.

It is true that the authorities relied upon by defendant involved cases where evidence of the plea of guilty was used to convict in criminal prosecutions tried to a jury. We do not conceive that the rule in Kercheval should have unvarying application in cases where defendant waives a jury and his guilt or innocence is passed upon by the court. It would not be unusual for a court to be aware of proceedings had in another courtroom in connection with the same prosecution, and it could not be fairly said that in every case the court's knowledge of the prior plea of guilty, either withdrawn or vacated, would prevent him from fairly passing upon the issue of guilt or innocence.

In the case before us, evidence of proceedings in connection with the prior plea bolstered a weak case. It is apparent from the record that the weight of the evidence relating to the prior proceedings persuaded the court of defendant's guilt. In a colloquy with counsel after both sides had rested, the trial court said:

"* * * The defendant here on the stand said that he didn't find this check and had nothing to do with it, never saw it, never tried to pass it, but the testimony he gave under oath before Judge Keyes was that he forged—or that —not that he forged it—that he cashed it and got the money for it; so it isn't unreasonable

for the Court to assume that the bartender, Harding, recognized him.

\* \* \* \* \*

"\* \* \* I think that the State has established his guilt beyond a reasonable doubt. I so find. I find that he is guilty."

Since the court accepted and relied upon inadmissible and prejudicial evidence in passing upon defendant's guilt, we conclude that the conviction must be reversed and a new trial granted.

Reversed and new trial granted.

MR. JUSTICE ROGOSHESKE took no part in the consideration or decision of this case.