# STATE v. LeROY EDWARD BOND.

173 N. W. (2d) 347.

December 12, 1969—No. 41219.

*C. Paul Jones,* State Public Defender, and *Robert E. Oliphant,* Assistant State Public Defender, for appellant.

*Douglas M. Head,* Attorney General, *Richard H. Kyle,* Solicitor General, and *J. Dennis O'Brien,* Special Assistant Attorney General, for respondent.

Heard before Knutson, C. J., and Rogosheske, Sheran, Peterson, and Frank T. Gallagher, JJ.

PER CURIAM.

Defendant appeals from a judgment of a conviction of the crime of rape entered following a jury verdict of guilty.

During the early morning hours of February 25, 1967, de-

fendant was driving an automobile in which complainant and Richard Brigan were passengers. They were ostensibly looking for complainant's fiance. Defendant stopped the car on a deserted dirt road, and both defendant and Brigan had sexual intercourse with complainant.

Defendant testified that complainant consented to intercourse with both defendant and Brigan. However, complainant testified that she resisted both men by struggling and hollering. She testified that her panties were torn and that she received bruises on her shoulders, upper arms, upper legs, and calves. Other witnesses also testified to her bruises.

1. A lack of consent was the key to defendant's conviction, and defendant claims the evidence will not sustain a finding of no consent. In reviewing the evidence, this court can only consider whether the jury could reasonably find that the complainant did not consent. State v. Norgaard, 272 Minn. 48, 136 N. W. (2d) 628. The record satisfies us that a finding of no consent was justified. While there is much conflicting evidence in this case, the jury was free to believe complainant's story even though she had previously been convicted of perjury.

2. Defendant claims that he was improperly impeached when he was asked if he had been convicted of disturbing the peace and of stealing gas. Our impeachment statute, Minn. St. 595.07, has been interpreted to allow impeachment by misdemeanor convictions regardless of whether the crime is one which affects credibility. Thompson v. Bankers Mutual Cas. Ins. Co. 128 Minn. 474, 151 N. W. 180. Much can be said for not allowing misdemeanor convictions to be used for impeachment, for allowing only crimes which affect credibility directly to be used for impeachment, and for allowing the trial court discretion as to which crimes to admit for impeachment. However, in State v. West, 285 Minn. 188, 173 N. W. (2d) 468, we recently considered the various impeachment rules, and we are not prepared to change the law in Minnesota.

Defendant, in addition, contends that the present impeach-

ment procedure violates the Fourteenth Amendment. But we believe it does not. Although the current practice is prejudicial, it is not so prejudicial in this instance as to deny the defendant the protection of due process.

3-4. Defendant claims that it was not shown that his convictions were not municipal ordinance violations. If they were merely ordinance violations, they would not be admissible. State v. Currie, 267 Minn. 294, 126 N. W. (2d) 389; Carter v. Duluth Yellow Cab Co. 170 Minn. 250, 212 N. W. 413. However, defendant did not object to the admission of these convictions on this ground at trial. Therefore, having waived this objection at the time of trial, he cannot now raise it on appeal. Graves v. Bonness, 97 Minn. 278, 107 N. W. 163; State v. Sauer, 217 Minn. 591, 15 N. W. (2d) 17. In any event, on appeal defendant has the burden to show that the convictions were only ordinance violations, and he has not done so.

Affirmed.