Argued May 17, affirmed June 10, petition for rehearing
denied July 13, petition for review denied
September 21, 1971

## STATE OF OREGON, *Respondent, v.* DAVID RALPH ATKISON, *Appellant.*

485 P2d 1117

*Gary D. Babcock,* Public Defender, Salem, argued the cause and filed the brief for appellant.

*John L. Snyder,* District Attorney, Dallas, argued the cause and filed the brief for respondent.

Before SCHWAB, Chief Judge, and LANGTRY and FOLEY, Judges.

LANGTRY, J.

Defendant appeals from conviction of assault with intent to kill. ORS 163.280.

The only substantial assignment of error concerns a part of the prosecution's cross-examination of the defendant where use was made of prior statements of defendant inconsistent with present testimony. These statements were made at a previous hearing in circuit court where the defendant gave sworn testimony in support of his request for mitigation of punishment on a charge of unarmed robbery by placing in fear. He had pled guilty to this charge. After the hearing the court had allowed him to withdraw his plea of guilty. Thereafter, the present charge of assault with intent to kill was tried. It was based upon the same transaction as the former charge.

The defendant and another were accused of robbing, binding and throwing the victim in the Willamette River with intent to kill. The victim escaped despite his bonds. The defendant testified that a wallet and watch taken from the victim did not immediately end up in his possession.

The questions and answers with which the prosecutor sought to impeach this testimony were referred to only as having been given "at a hearing" in the court

on the day preceding the start of trial of the instant case. The series of questions and answers were read to the defendant and he was asked if he remembered them. They referred only to particular actions that occurred in the automobile while the alleged robbery and assault occurred. Among the questions thus asked were:

"Q  *  *  * Question:  *  *  * 'And were you aware before you accepted the watch that Mr. Snyder had taken the watch off of Mr. Rodriquez?' Answer: 'Yes. I knew that he was robbing him.' 'You were aware that he was being robbed.' 'Right, and I figured that if he would let him go ahead and get the stuff, then he would let him out and leave him alone  *  *  *.' "

Defendant contends that by reason of the withdrawal of the guilty plea the entire proceeding from which the inconsistent statements were taken became a nullity and nothing from them could be used against him. The cases which he cites in support of this position stand for the general rule that

"*  *  * a plea of guilty withdrawn by leave of court is not admissible on the trial of the issue arising on the substituted plea of not guilty  *  *  *." *Kercheval v. United States,* 274 US 220, 223, 47 S Ct 582, 71 L Ed 1009 (1927).

*United States v. Long,* 323 F2d 468 (6th Cir 1963); *State v. Thomson,* 203 Or 1, 278 P2d 142 (1954); *State v. Hook,* 174 Minn 590, 219 NW 926 (1928). In none of these cited cases, except *Hook,* was the situation the same as in the case at bar, for in them the plea of guilty or the entire record, which included the plea of guilty, were introduced. In *Hook,* the plea of guilty, which was later withdrawn, was not told to the jury but

"*  *  * The answer to one question, unex-

plained, was an admission of guilt and went directly to the jury.

"\* \* \* [N]o one familiar with court rooms could believe that the jury did not understand that a plea of guilty had been entered." *State v. Hook,* 174 Minn at 592.

When the defendant took the witness stand in the case at bar, after withdrawing his plea of guilty to the first charge, it was his right to be protected from having his former plea directly or indirectly shown in evidence, but he was also subject to fair cross-examination under the adversary system. Included therein is questioning about prior statements inconsistent with the testimony he has just given concerning the facts of the alleged crime. ORS 45.610. No direct or indirect evidence of the former plea of guilty was received in the case at bar. Unlike *Hook,* nothing was said from which the jury could conclude defendant had pled guilty. The cross-examination was a fair quest for the truth.

Affirmed.