## STATE v. PAUL E. SHA.

193 N. W. 2d 829.

January 21, 1972—No. 41953.

*C. Paul Jones,* State Public Defender, and *Jerome D. Truhn,* Assistant State Public Defender, for appellant.

*Warren Spannaus,* Attorney General, *Keith M. Brownell,* County Attorney, and *Robert E. Lucas,* Assistant County Attorney, for respondent.

Heard before Knutson, C. J., and Murphy, Otis, and Peterson, JJ.

OTIS, JUSTICE.

The defendant has been convicted of burglary and aggravated robbery and sentenced to concurrent terms of 5 years and 20

years respectively. The only issue for decision is whether disclosure by the state that defendant attempted to plead guilty at the preliminary hearing was reversible error. We hold that it was.

Defendant was charged with breaking and entering the Duluth Eagles Club in the early hours of June 9, 1968, and robbing the janitor of a wallet containing $40. On the day following the offense, defendant was arrested. The janitor's wallet was found on defendant's person. The janitor identified defendant as his assailant, and defendant's fingerprints were taken from a glass and bottle at the scene of the crime.

The evidence which requires a reversal was elicited by the prosecutor from a police lieutenant who testified to defendant's behavior at the preliminary hearing in municipal court. While being arraigned, defendant ran to the courtroom window on the third floor and had to be subdued. The police lieutenant was asked what transpired when the arraignment was resumed, to which he made the following response:

"A.   The Judge started to read the—I believe the Judge first asked him what he was trying to do, and he said, 'I want to kill myself,' and then the Judge started to read it, and he said, 'I want to plead guilty, I want to get this over with.'

"Q.   Did he say anything else?

"A.   Not at that time, no.

"Q.   Did he indicate at all while he was there and for that arraignment anything to the effect about his own guilt other than that he wanted to plead guilty?

"MR. BALACH:   I object to this as being leading and suggestive.

"THE COURT:   He may answer that question.

"A.   Only what he said."

Because defendant waived his right to a Rasmussen hearing, the state asserts that defendant may not now complain of the testimony concerning his attempt to plead guilty. In addition, the state advances the argument that the municipal court had

no jurisdiction to accept a plea and that defendant's statements should, therefore, simply be treated as a confession. It further argues that the evidence of defendant's guilt is overwhelming. We reject these contentions and hold that the testimony concerning defendant's attempt to plead guilty deprived him of a fair trial.

The inadmissibility of a plea of guilty which has been withdrawn and of an attempt to plead guilty is so well settled in this state we need not elaborate on the rule. State v. Anderson, 173 Minn. 293, 217 N. W. 351 (1927); State v. Hook, 174 Minn. 590, 219 N. W. 926 (1928); State v. McGunn, 208 Minn. 349, 350, 294 N. W. 208, 209 (1940).[1] The leading case is Kercheval v. United States, 274 U. S. 220, 47 S. Ct. 582, 71 L. ed. 1009 (1927). There, in holding the introduction of a withdrawn plea of guilty reversible error, the court said:

"The effect of the court's order permitting the withdrawal was to adjudge that the plea of guilty be held for naught. Its subsequent use as evidence against petitioner was in direct conflict with that determination. When the plea was annulled it ceased to be evidence. * * * Its introduction may have turned the scale against him." 274 U. S. 224, 47 S. Ct. 583, 71 L. ed. 1012.

In this state, our decision in State v. Reardon, 245 Minn. 509, 73 N. W. 2d 192 (1955), controls. We there held that the prosecutor's disclosure of a prior plea of guilty in closing argument could not be corrected by the court's admonishing the jury to disregard that statement. Only recently we again reversed a judgment of conviction where the trial court permitted a prior plea of guilty to be shown. State v. Hayes, 285 Minn. 199, 172 N. W. 2d 324 (1969).

As to the suggestion that we should affirm because defendant waived a Rasmussen hearing, we need only say that failure to ask for the hearing does not give the prosecutor license to intro-

---

[1] See, also, Annotation, 86 A. L. R. 2d 326, 331; 4 Wigmore, Evidence (3 ed.) § 1067; 29 Am. Jur. 2d, Evidence, § 528; Note, 53 Minn. L. Rev. 559, 562; ABA Standards, Pleas of Guilty, § 2.2 (Approved Draft, 1968).

duce evidence which he knows, or ought to know, is both inadmissible and highly prejudicial. Nor are we impressed with the argument that where evidence of guilt is overwhelming, defendant cannot be prejudiced. That argument was advanced in Reardon, where we refused to accept the theory that if proof is strong due process may be suspended. "* * * [T]o allow factually strong cases to erode such a basic right is to deny the existence of the right." 245 Minn. 514, 73 N. W. 2d 195. That doctrine was reaffirmed in State v. Flowers, 262 Minn. 164, 114 N. W. 2d 78 (1962). The prosecutor has an overriding obligation, shared by the court, to see that defendant receives a fair trial, however guilty he may be. A prosecutor's duty is not simply to convict, but to do justice. Berger v. United States, 295 U. S. 78, 55 S. Ct. 629, 79 L. ed. 1314 (1935).

As we stated in State v. Gegen, 275 Minn. 568, 569, 147 N. W. 2d 925, 926 (1967), "If prosecutors and police officers persist in trying to inject into a trial indirectly matters which they know they cannot introduce directly the only solution is to let them try the case over."

Since there is to be a new trial, we do not deem it necessary to discuss the issue of whether defendant should have had notice of the state's intention to show an unrelated crime.

Reversed and remanded for a new trial.

MR. JUSTICE TODD, not having been a member of this court at the time of the argument and submission, took no part in the consideration or decision of this case.