**STATE of Minnesota, Respondent,**

v.

**Ronald Leslie WAUKAZO, Appellant.**

**No. 47819.**

Supreme Court of Minnesota.

Aug. 4, 1978.

---

C. Paul Jones, Public Defender, Robert Oliphant, Sp. Asst. Public Defender, Minneapolis, for appellant.

Warren Spannaus, Atty. Gen., St. Paul, Gary W. Flakne, County Atty., Vernon E. Bergstrom, David W. Larson and Lee W. Barry, Asst. County Attys., Minneapolis, for respondent.

1. Minn.St. 609.342(b) reads as follows: "A person is guilty of criminal sexual conduct in the first degree and may be sentenced to imprisonment for not more than 20 years, if he engages in sexual penetration with another person and if any of the following circumstances exists:

   *    *    *    *    *    *

OPINION

WAHL, Justice.

Defendant was found guilty by a district court jury of a charge of criminal sexual conduct in the first degree, Minn.St. 609.-342(b),[1] and was sentenced by the trial court to a 3 to 20-year term in prison. On his appeal from judgment of conviction defendant contends (1) that the trial court abused its discretion in permitting the admission of evidence of prior sexual offenses committed by defendant on the complainant when the Spreigl notice did not specify the exact dates of the prior offenses; (2) that the trial court erred in denying a motion for change of venue based upon allegedly prejudicial pretrial publicity; and (3) that there was as a matter of law insufficient evidence that defendant was in a position of authority over the writer, which is a prerequisite to conviction of violating § 609.342(b). We affirm.

1. The complainant in this case was a 14-year-old girl who, with her two younger brothers, was living with defendant's parents in a foster-care arrangement. Defendant, who is 11 years older than complainant, also lived in the house.

Although the complainant claimed that starting in mid-1974 defendant began having sexual relations with her on a regular basis, the state charged defendant specifically with only one offense, one allegedly occurring on September 9, 1976, and gave a *Spreigl* notice for the ones preceding that. When defendant contended that this *Spreigl* notice did not adequately specify the dates of the alleged prior offenses, the prosecutor offered to introduce evidence of only three prior offenses, one occurring in

"(b) The complainant is at least 13 but less than 16 years of age and the actor is more than 48 months older than the complainant and in a position of authority over the complainant, and uses this authority to coerce the complainant to submit. Neither mistake as to the complainant's age nor consent to the act by the complainant is a defense."

June 1975, one in July 1975, and one in January 1976. The district court refused to permit reference to the June 1975 offense, but permitted testimony concerning the July 1975 and January 1976 offenses notwithstanding the *Spreigl* notice's lack of specificity with respect to the dates of the offenses. It is defendant's contention that this was error.

■ As defendant points out, in *State v. Spreigl*, 272 Minn. 488, 139 N.W.2d 167 (1965), this court stated that the *Spreigl* notice must describe the other offenses with the particularity of an indictment or information. We also think it is clear that, as a general proposition, an indictment or complaint should be as specific as possible with respect to time. However, it is not always possible to know with certainty when an offense or offenses occurred. This is especially true in cases like this where there is a minor victim who does not complain to the authorities immediately. Thus, the rule has evolved that in the prosecution of crimes in which a particular day is not a material ingredient of the offense, the indictment or complaint need not allege the particular date on which the offense was committed, only that it occurred before the issuance of an indictment or complaint. This general rule is codified in § 628.15, which reads as follows:

> "The precise time at which the offense was committed need not be stated in the indictment, but may be alleged to have been committed at any time before the finding thereof, except where the time shall be a material ingredient in the offense." [2]

■ Notwithstanding the general rule, there might be cases in which the allegations as to time in the indictment or complaint would be so vague under the circumstances as to make it impossible for a defendant to prepare his defense. Trial courts have inherent authority to exercise some discretionary control over these matters, and this court always has authority to reverse a conviction if it believes that the charge was so vague on the matter of time as to make it impossible for the defendant to defend himself.

■ In this case we do not believe that the trial court erred in the manner in which it handled the matter, and we do not think that the need for a reversal on this ground has been demonstrated.

2. Any discussion of a defendant's claim of prejudice resulting from pretrial publicity must start with the proposition that "while pretrial publicity may jeopardize a defendant's right to a fair trial by an impartial jury, no presumption of prejudice arises unless there is massive publicity surrounding the trial." *State v. Beier*, Minn., 263 N.W.2d 622, 625, 626 (1978), citing *Shepperd v. Maxwell*, 384 U.S. 333, 86 S.Ct. 1507, 16 L.Ed.2d 600 (1966), and *Estes v. Texas*, 381 U.S. 532, 85 S.Ct. 1628, 14 L.Ed.2d 543 (1965). As a general proposition, "a defendant in a criminal case seeking reversal on appeal on this ground must show that he actually was prejudiced by the publicity." Id.

In this case there was pretrial publicity, and defendant sought a change of venue on that ground. See Rule 24.03, subd. 1, Rules of Criminal Procedure. The trial court read the copies of the newspaper articles and the transcripts of the radio and television reports and concluded that the publicity, while widespread, was not prolonged and had not created a reasonable likelihood that without a change of venue a fair trial could not be had. Rule 25.02, subd. 3.

■ If defense counsel felt that the trial court abused its discretion in denying this motion, counsel still could protect defendant against the impact of the potential prejudice by carefully questioning the prospec-

---

**2.** This statute has not been superseded by Rule 17.02, subd. 3, Rules of Criminal Procedure, since it is not inconsistent with the rule.

tive jurors at voir dire. However, we do not have a record of the voir dire questioning. Had the record in any way supported defendant's claim that the publicity had tainted the jurors, he would have filed a copy of the transcript of the voir dire questioning. All defendant does on appeal is to show that the publicity created a potential for prejudice, not a likelihood. He has not shown the actual prejudice he must show to obtain reversal on this ground.

3. There is no merit to defendant's final contention that the evidence was insufficient as a matter of law to support the verdict.

Affirmed.