BOWEN, Judge.
The defendant pled guilty to an indictment charging robbery in the third degree. On appeal, that conviction was reversed because “the trial court did not properly apprise appellant of the permissible range of punishment.” Miliner v. State, 414 So.2d 133, 135 (Ala.Cr.App.1981).
*582 On remand, the defendant pled not guilty and was tried by a jury. He was convicted and sentenced to twenty-five years’ imprisonment as an habitual offender.
After the State rested its case in chief, the defense requested the trial judge to grant his motion in limine and prevent the State from introducing “anything” concerning the former guilty plea. The assistant district attorney stated in reply that, if the defendant took the witness stand, he intended to ask “if he didn’t plead guilty.” The prosecutor also indicated that he would use any statement the defendant had made.
The trial court denied the motion finding “(a)ny statement that he has made freely and voluntarily the State should be able to use.” In ruling that the former guilty plea, as well as any statement made by the defendant in pleading guilty, was admissible in evidence, the trial court committed reversible error.
“As affecting his credibility, a witness may be examined touching his conviction for a crime involving moral turpitude.” Alabama Code Section 12-21-162 (1975); C. Gamble, McElroy’s Alabama Evidence, Section 145.01(4) (3rd ed. 1977). The fact that such a conviction is being appealed has no bearing on its use for impeachment purposes. Graham v. State, 403 So.2d 275, 284 (Ala.Cr.App.1980), cert. quashed, 403 So.2d 286 (Ala.1981). However, the fact that a witness has been convicted of a crime cannot be brought out to affect his credibility where the conviction has been set aside or reversed. 81 Am.Jur.2d Witnesses, Section 576 (1976); 98 C.J.S. Witnesses, § 507(61) (1957).
Here, the fact that the defendant had pled guilty to the same charge for which he was being tried was inadmissible because that conviction had been reversed on appeal. The ruling by the trial judge allowing the use of the guilty plea for impeachment purposes effectively denied the defendant his constitutional right against self-incrimination. Just as a withdrawn guilty plea cannot be used to impeach a defendant, Broadway v. State, 52 Ala.App. 249, 253, 291 So.2d 338, cert. denied, 292 Ala. 714, 291 So.2d 342 (1974), neither can a guilty plea which has been reversed on appeal. People v. George, 69 Mich.App. 403, 245 N.W.2d 65 (1976).
Since this case must be reversed on this ground alone, we need not determine whether the defendant’s statements in pleading guilty may be used to impeach him at a subsequent trial where the guilty plea has been reversed on appeal. Although there is authority to the contrary, see State v. Atkison, 6 Or.App. 68, 485 P.2d 1117 (1971), George, “consistent with modern thought on the topic”, specifically held that “the factual basis for a vacated (reversed on appeal) guilty plea may not be introduced into evidence at the defendant’s subsequent trial.”
The judgment of the circuit court is reversed and remanded.
REVERSED AND REMANDED.
All Judges concur.