**STATE of Minnesota, Respondent,**

v.

**Terry Lee WARBORG, Appellant.**

**No. C2-86-451.**

Court of Appeals of Minnesota.

Oct. 28, 1986.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Thomas L. Johnson, Hennepin Co. Atty., Vernon E. Bergstrom, Chief, Appellate Section, Anne E. Peek, Asst. Co. Atty., Minneapolis, for respondent.

C. Paul Jones, State Public Defender, Marie L. Wolf, Asst. Public Defender, Minneapolis, for appellant.

## OPINION

POPOVICH, Chief Judge.

Terry Warborg appeals from her convictions of first degree criminal sexual conduct and first degree intrafamilial sexual abuse contending (1) the trial court erred in admitting *Spreigl* evidence, (2) there was insufficient evidence to sustain the jury's verdicts, and (3) the trial court abused its discretion by not departing downward from the presumptive sentence. We affirm.

## FACTS

A complaint filed in Hennepin County District Court on January 30, 1985 charged appellant and Thomas Howie with first degree criminal sexual conduct under Minn. Stat. §§ 609.342(a) and 609.05 (1984). The complaint alleged appellant and Howie sexually penetrated appellant's daughter S.F. in 1982 when she was ten years old. An amended complaint added charges of first degree intrafamilial sexual abuse under Minn.Stat. §§ 609.3641, subd. 1(2)(e) and 609.05 (1984).

At appellant's jury trial, 13-year-old S.F. testified that she had lived with appellant and her younger sister, J.W., at Howie's home in Minneapolis. S.F. was playing in the yard on a summer day in 1982 when appellant came out of the house and said: "it was time that we all had a little talk." She brought S.F. to a bedroom in the basement. Howie was there and was naked. Appellant undressed and told S.F. to undress and lay down on the bed. Appellant and Howie then sexually penetrated S.F. with their fingers. S.F. said it hurt, asked them to stop, and kicked at them. She said Howie held her down and appellant put a pillow over her face when she screamed. S.F. said this happened again a few days later, Howie "made me touch him" and appellant took pictures while he had intercourse with S.F. Appellant and Howie told S.F. not to tell anyone.

S.F.'s 10-year-old sister, J.W., testified that appellant, Howie, and S.F. were in the bedroom with the door locked "more than once." J.W. also said she and S.F. slept in the same bed with Howie while appellant was in the hospital.

When S.F. and J.W. were staying with an aunt, she asked S.F. "how she felt about the abuse from Tom Howie sexually." The aunt testified that S.F. had a "frozen look" on her face, was "fidgeting," looked like she was ready to cry, and said:

> she was outside in the swimming pool playing and her mother called her in and said that it was about time they had a talk. And, so, they went down to the basement, and Terry was dressed, but Tom wasn't. And she said that she undressed. And what I can remember is that she said that she had a pillow over her face while they broke her cherry.

When the aunt confronted appellant with this information, she said S.F. "was a lying bitch." The aunt also heard Howie make inappropriate references to S.F.'s anatomy in front of appellant, who said nothing.

Sarah Genrich, age 17, testified she was at Howie's house during the summer of

1982 or 1983 after Howie's daughter Dana was hurt in an accident. When Genrich knocked on the door of the basement bedroom, appellant told her to wait. When the door opened, Howie, appellant, and S.F. were in the bedroom. Appellant was wearing underwear and buttoning her shirt. Howie was in bed without his shirt with the covers pulled up. Medical reports showed Dana Howie was treated for a cut on her chin on August 21, 1982.

Dr. Ronald Ruffing conducted a sexual assault exam on S.F. on January 22, 1985. Ruffing found that S.F.'s genitalia were "relatively mature in appearance" and she had a "rather dilated vaginal orifice." Dr. Ruffing also found S.F. had minimal hymenal tissue. He concluded his findings were consistent with the allegations of sexual abuse.

The trial court also admitted testimony from J.W. who remembered "one time when she was in the bedroom with Howie and appellant." J.W. testified appellant told her to "come and suck on Tom's penis." J.W. did as appellant asked. J.W. said this took place "in the summertime."

Appellant denied any sexual activity took place in the summer of 1982. Appellant said S.F. wanted to live with her aunt and described how she had "grounded" S.F. shortly before S.F. made the allegations of sexual abuse. Appellant claimed S.F., J.W., and their aunt were lying about the sexual abuse. Appellant remembered the incident described by Sarah Genrich; she said the door was locked and she was getting dressed, but denied S.F. was in bed with Howie.

The jury found appellant guilty of first degree criminal sexual conduct and first degree intrafamilial sexual abuse. She was sentenced to imprisonment for a presumptive term of 43 months for first degree criminal sexual conduct. No sentence was imposed on the intrafamilial sexual abuse conviction.

## ISSUES

1. Did the trial court clearly abuse its discretion by admitting evidence of another crime committed by appellant?

2. Was there sufficient evidence?

3. Did the trial court abuse its discretion by failing to depart downward from the presumptive sentence?

## ANALYSIS

1. Evidence of other crimes committed by an accused is generally inadmissible. *See State v. Forsman,* 260 N.W.2d 160, 166 (Minn.1977). Such evidence is admissible to show a common plan. *See* Minn.R.Evid. 404(b). Before evidence of other crimes may be admitted, the trial court must determine that:

> there is "clear and convincing" evidence that the defendant participated in the crimes or bad acts sought to be admitted. The court must also determine that the evidence of prior crimes or bad acts is "relevant and material to the state's case." In addition, it must rule that the probative value of the evidence outweighs any potential for "unfair prejudice."

*State v. Doughman,* 384 N.W.2d 450, 454 (Minn.1986) (citations omitted). A trial court's admission of evidence of other crimes will not be reversed unless an abuse of discretion is clearly shown. *See State v. Ture,* 353 N.W.2d 502, 515 (Minn.1984).

■ Appellant argues the incident described by J.W. was not proven by clear and convincing evidence. J.W. testified appellant told her to suck Howie's penis and she did as she was told. J.W. was ten years old at the time of trial; she did not say exactly when the incident occurred, only that it happened "in the summertime."

A particular time period is not a material element of either first degree criminal sexual conduct or first degree intrafamilial sexual abuse. *See State v. Becker,* 351 N.W.2d 923, 927 (Minn.1984). Had appellant been indicted or charged for the sexual abuse of J.W., the indictment or complaint would not have had to allege the specific date the abuse occurred. *See State v. Waukazo,* 269 N.W.2d 373, 375 (Minn.1978) (citing Minn.Stat. § 628.15). As the supreme court stated in *Waukazo:*

> it is not always possible to know with certainty when an offense or offenses

occurred. This is especially true in cases of [sexual abuse] where there is a minor victim who does not complain to the authorities immediately.

*Id.* We agree with the trial court that J.W.'s testimony provided clear and convincing evidence of another crime committed by appellant and all other prerequisites for the admission of that evidence were met. *See Doughman,* 384 N.W.2d at 454.

■ 2. Appellant contends the evidence was insufficient because she denied the sexual abuse, the jury could have inferred that the allegations were fabricated, and the State did not present any evidence to corroborate S.F.'s testimony. However, we are limited to determining:

> whether, given the facts in the record and the legitimate inferences that can be drawn from those facts, a jury could reasonably conclude that the defendant was guilty of the offense charged. We cannot retry the facts, but must take the view of the evidence most favorable to the state and must assume that the jury believed the state's witnesses and disbelieved any contradictory evidence.

*State v. Merrill,* 274 N.W.2d 99, 111 (Minn. 1978) (citations omitted).

Here the jury had to determine whether to accept S.F.'s testimony regarding the sexual abuse or appellant's denial of the abuse. The jury was entitled to believe S.F.'s version of the facts. *See State v. Heinzer,* 347 N.W.2d 535, 537 (Minn.Ct. App.1984), *pet. for rev. denied,* (Minn. July 26, 1984). We must assume the jury believed S.F.'s testimony she was sexually penetrated by appellant and Howie. *See Merrill,* 274 N.W.2d at 111. The State was not required to corroborate her testimony, yet substantial corroborative evidence was presented. *See* Minn.Stat. § 609.347, subd. 1 (1984). We conclude there was sufficient evidence to support the jury's verdicts.

■ 3. Appellant was sentenced to imprisonment for 43 months, the presumptive sentence for first degree criminal sexual conduct for a person with her criminal history score of zero. She contends a downward durational departure was warranted

because she had a passive role in the sexual abuse of S.F. and was less culpable than Howie, who received a probationary sentence.

The record does not support appellant's position. S.F. testified appellant sexually penetrated her. Both S.F. and J.W. testified appellant actively aided Howie in sexually abusing her daughters. *See* Minn.Stat. § 609.05 (1984). Nor is the fact Howie received a probationary sentence persuasive: he pleaded guilty to a lesser offense four months after appellant was sentenced. *See State v. Vazquez,* 330 N.W.2d 110, 112 (Minn.1983). We find no compelling circumstances which would warrant reversal of the trial court's presumptive sentence. *See State v. Kindem,* 313 N.W.2d 6, 7 (Minn.1981).

## DECISION

There was clear and convincing evidence appellant committed another crime and sufficient evidence to support the jury's verdicts. The trial court did not abuse its discretion by imposing a presumptive sentence.

Affirmed.