Brian Lee RUBERG,
Petitioner, Appellant,

v.

STATE of Minnesota, Respondent.

No. C7–87–2089.

Court of Appeals of Minnesota.

Sept. 6, 1988.

Review Denied Oct. 26, 1988.

Marc Kurzman, Kurzman, Grant, Manahan, Bluth & Barker, Minneapolis, for Ruberg.

Hubert H. Humphrey, III, Atty. Gen., St. Paul, Robert M. Johnson, Anoka Co. Atty., M. Katherine Doty, Robert D. Goodell, Asst. Co. Attys., Anoka, for state.

Heard, considered, and decided by NORTON, P.J., and HUSPENI and KALITOWSKI, JJ.

## OPINION

KALITOWSKI, Judge.

Appeal is taken from conviction of criminal sexual conduct in the first degree pursuant to Minn.Stat. § 609.342, subd. 1(h)(v) and the lesser included offense of criminal sexual conduct in the second degree.

## FACTS

Appellant, Brian Lee Ruberg, and Cindy Gilbertson were divorced in 1977. They have two children, a son R.R. born in 1974 and a daughter Y.R. born in 1975.

Cindy remarried and moved to the state of Wyoming with her husband and the children.

After a custody dispute, appellant saw the children summers and every other Christmas. Appellant remarried in 1981.

He and his second wife Diane, now divorced, have a child, born in 1982.

After R.R. and Y.R. spent the summer of 1986 with appellant, Y.R. gave her mother a letter which was composed by Y.R. and her two cousins C.C. and A.C. telling of sexual acts committed by appellant. Y.R.'s mother notified Wyoming authorities and a police investigation ensued.

On November 11, 1986, appellant was arrested by investigators of the Anoka County Major Crime Unit and charged with criminal sexual conduct in the first degree in violation of Minn.Stat. § 609.342, subd. 1(h)(v) involving appellant's daughter, Y.R. and his niece, C.C.

Following the trial, appellant was found guilty of two of ten counts submitted to a jury. Appellant's motion for a new trial was denied. On June 26, 1987, the trial court sentenced appellant to 43 months with credit for 4 days served. Appellant petitioned for post-conviction relief alleging deficiencies in the make up of the petit jury pool. On September 30, 1987, appellant's petition for post-conviction relief was denied.

## ISSUES

1. Is the evidence, when viewed in light most favorable to the verdict, sufficient to sustain conviction?

2. Did the trial court err in allowing the state to amend its complaint following close of evidence?

3. Did irregularities in the make up of the petit jury pool violate appellant's right to trial by jury?

## ANALYSIS

1. Appellant contends there is insufficient evidence to sustain his conviction for criminal sexual conduct in the first and second degree involving his daughter, Y.R. and his niece, C.C.

It has been stated an appellant seeking reversal of a jury's conviction bears a heavy burden because of limited appellate review. *See State v. Tiessen*, 354 N.W.2d 473 (Minn.Ct.App.1984).

In determining the sufficiency of evidence in a criminal matter, the reviewing court " 'must view the evidence in a light most favorable to the jury verdict and decide whether the jury could reasonably have found [appellant] guilty of the crime charged.' " *State v. Olkon*, 299 N.W.2d 89, 106 (Minn.1980), *cert. denied*, 449 U.S. 1132, 101 S.Ct. 954, 67 L.Ed.2d 119 (1981) (quoting *State v. Swain*, 269 N.W.2d 707, 712 (Minn.1978)).

The evidence in this matter is primarily oral testimony. The Minnesota Supreme Court has stated:

> We have often held that on review of a criminal conviction we will construe the record most favorably to the state and will assume the evidence supporting the conviction was believed and the contrary evidence disbelieved.

*State v. Pieschke*, 295 N.W.2d 580, 584 (Minn.1980) (citing *State v. Strimling*, 265 N.W.2d 423, 428–29 (Minn.1978)), (citations omitted). This is especially true where resolution of the case depends on conflicting testimony, because weighing the credibility of witnesses is the exclusive function of the jury. *Id.* (citing *State v. Poganski*, 257 N.W.2d 578, 581 (Minn.1977)).

In *Poganski*, the supreme court concluded the jury could choose to believe the testimony of two witnesses against the defendant even though the testimony was inconsistent and contradictory. "Even inconsistencies in the state's case will not require a reversal of the jury's verdict." *Pieschke*, 295 N.W.2d at 584 (citing *State v. Bond*, 285 Minn. 291, 173 N.W.2d 347 (1969)).

In this matter the jury heard testimony of Y.R. and C.C. ages 11 and 12 respectively at the time of trial. Y.R. stated, "he (appellant) put his penis in my vagina"; "he (appellant) would push my head down and put his penis in my mouth". Y.R. testified there were several instances of these acts beginning when she was 6 or 7. C.C. testified, "Brian put his hand down my pants."; "He put his finger inside of my body." C.C. stated she was about 9 the first time appellant abused her. When asked how old she was the last time appel-

lant did anything to her, she responded, "I was 11." C.C. testified other than the first and last time, similar incidents occurred five or six different times.

Appellant asserts there is no evidence to corroborate his daughter's testimony. However, the legislature has provided: "In a prosecution under sections 609.342 to 609.346, the testimony of a victim need not be corroborated." Minn.Stat. § 609.347, subd. 1, *see also State v. Williams*, 363 N.W.2d 911 (Minn.Ct.App.1985) *pet. for rev. denied* (Minn. May 1, 1985).

Additional witnesses were presented to the jury including sexual abuse investigators and the medical doctor who examined Y.R.

The jury had the opportunity to weigh the testimony and determine for themselves the credibility of each witness. Thus the jury clearly could have reasonably found appellant guilty of the crime charged.

2. The original complaint filed against appellant alleged criminal sexual conduct from 1981 through 1985. The complaint was later amended to include 1986. After all the evidence was presented at trial, the state moved to amend the date of the charges involving Y.R. from "on or about 1981 through 1986" to "on or about a period from 1980 through 1986." The trial court allowed the amendment. The rules of criminal procedure provide:

> The court may permit an indictment or complaint to be amended at *any time before verdict* or finding if no additional or different offense is charged and if substantial rights or the defendant are not prejudiced.

Minn.R.Crim.P. 17.05 (emphasis added).

Appellant asserts amendment to the complaint prejudices his case by adversely affecting defense trial tactics. Furthermore, appellant contends amendment at close of trial disadvantages his case because he is denied an opportunity to rebut the amended dates.

■ Allowing amendment of a complaint is within the sound discretion of the trial court. *See Gerdes v. State*, 319 N.W.2d

710, 712 (Minn.1982). The *Gerdes* court held in order to show prejudice of defendant's substantial rights, it must be shown the amendment either added or charged a different offense. *Id.* Here the amendment did not add or charge a different offense. It merely changed the date of the crime to conform to the evidence presented at trial.

Where the date is not the essential element of the crime the trial court may properly allow an amendment of the complaint so it comports with evidence presented at trial. *Gerdes*, 319 N.W.2d at 712 (citing *State v. McGunn*, 208 Minn. 349, 294 N.W. 208 (1940)).

In discussing a complaint alleging sexual abuse of a child, the Minnesota Supreme Court has stated: "The complaint must state the essential facts constituting the offense charged." *State v. Becker*, 351 N.W.2d 923, 926 (Minn.1984) (citing *State v. Oman*, 265 Minn. 277, 282, 121 N.W.2d 616, 620 (1963)). However, regarding the specificity of the time element of the offense the supreme court reasoned:

> We also think it is clear that, as a general proposition, an indictment or complaint should be as specific as possible with respect to time. However, it is not always possible to know with certainty when an offense or offenses occurred. This is especially true in cases like this where there is a minor victim who does not complain to the authorities immediately. Thus, the rule has evolved that in the prosecution of crimes in which a particular day is not a material ingredient of the offense, the indictment or complaint need not allege the particular date on which the offense was committed, only that it occurred before the issuance of an indictment or complaint. The general rule is codified in § 628.15 * * * *

*Becker*, 351 N.W.2d at 926 (quoting *State v. Waukazo*, 269 N.W.2d 373, 375 (Minn. 1978)).

Minn.Stat. § 628.15 (1986) provides:

> The precise time at which the offense was committed need not be stated in the indictment, but may be alleged to have been committed at any time before the

finding thereof, except where the time shall be a material ingredient in the offense.

Given the broad discretion of the trial court and the nature of the offenses charged, the trial court did not err in granting the amendment to the complaint.

■ 3. Appellant petitioned the trial court for post-conviction relief on the theory there was an irregularity in the jury selection process. Due to a computer malfunction, the pool from which petit jurors of Anoka County were selected contained 38,000 of the 120,000 names usually available. The Anoka County Court Administrator sent a memorandum dated August 10, 1987, to all attorneys involved in jury trials during the affected period. Of the 38,000 names, 16,000 were registered voters from an area representing Fridley, and portions of Spring Lake Park and Blaine, and 22,000 names were derived from a Department of Public Safety list of licensed drivers in Anoka County.

Appellant has shown no prejudice due to the irregularity in the jury pool. Normally, there is no ground for reversal unless prejudice exists. *Alholm v. Wilt,* 394 N.W.2d 488, 493 (Minn.1986).

Without more, the mere fact the pool was made up of fewer jurors than was typical does not violate appellant's constitutional rights.

## DECISION

The jury had sufficient evidence before it with which to arrive at the conviction of appellant. The trial court did not err in allowing amendment to the complaint at close of evidence where the complaint did not add to nor change the offense charged. An irregularity in a jury pool without a showing of prejudice to appellant is not grounds for reversal.

AFFIRMED.